# SECOND DISTRICT, APRIL, 1893.

MARTIN, WISE & FITZHUGH v. THE MISSOURI PACIFIC
RAILWAY COMPANY.

No. 479.

**1. Negligence—Cause of Action.**—Where a cotton compress company received certain cotton to be compressed and shipped for plaintiffs, and placed the same on a platform in close proximity to railway tracks and passing engines, and the cotton was there destroyed by fire, a petition stating the facts showed actionable negligence, and a general demurrer thereto was improperly sustained.

**2. Charge of Court not on Weight of Evidence.**—A charge of court as follows, "Did the plaintiffs, in placing their cotton or having it placed on the platform of the compress association, act as an ordinarily prudent man would have acted, taking into consideration its surroundings, its proximity to passing engines, etc., the purpose for which it was placed there, etc.," is not subject to complaint as being a comment on the weight of evidence, and giving undue prominence to particular facts as constituting contributory negligence.

**3. Charge of Court—Preponderance of Evidence—"Satisfied."**—Where a charge of court to the effect, that before plaintiffs could recover, the jury must be satisfied from the evidence that defendant's negligence caused the fire, and that plaintiffs were not guilty of contributory negligence, was qualified as follows, "And the destruction of the cotton by fire under this clause may be shown by circumstantial evidence sufficient in your opinion to justify the belief that the fire was caused by a spark or cinders coming from defendant's engine," this latter clause sufficiently indicated to the mind of the jury that by the word "satisfied" nothing more was meant than opinion or belief; and the charge as an entirety does not present reversible error.

APPEAL from Dallas.  Tried below before Hon. R. E. BURKE.

*Leake, Shepard & Miller,* for appellants.—1. The court erred in sustaining the general demurrer of the Texas Compress Association to the plaintiffs' amended original petition, because the allegations thereof show that said defendant was guilty of negligence, and was liable to plaintiffs therefor.  Compress Co. v. Mitchell, 78 Texas, 64; Lewis v. Railway, 73 Texas, 507.

2. The charge was upon the weight of evidence, in calling attention to the facts tending to show contributory negligence.  Railway v. Kutac, 76 Texas, 473; Medlin v. Wilkins, 60 Texas, 409; Randall v. Gill, 77 Texas, 351.

3. The court erred in charging the jury, that before plaintiffs could recover, the jury must be satisfied from the evidence both that defendant's negligence caused the fire and that plaintiffs were not guilty of contributory negligence.  Baines v. Ullmann, 71 Texas, 529.

*Alexander & Clark,* for appellee.—1. If there is error in the proceedings of the lower court as to any party to the judgment, and not as to another, and a proper decision of the case as to one is not dependent upon the judgment as to the other, this court will reverse in part and affirm in part.   Hamilton & Co. v. Prescott, 73 Texas, 565.

2. A proper decision of the case as to the railway company was not dependent upon the judgment as to the compress association, and vice versa. Sprague v. Oakes, 36 Mass., 455; Lovejoy v. Murray, 3 Wall., 1; Cool. on Torts, 136–139.

3. If a verdict is authorized by the facts, and the justice of the case has been attained, the judgment will not be reversed on account of an erroneous charge.   If from the whole case it is clear that no other verdict could have been rendered or would have been admitted as a basis of the judgment, the judgment will not be reversed.   Gaston v. Dashiell, 55 Texas, 508; Loper v. Robinson, 54 Texas, 510; Railway v. Delahunty, 53 Texas, 206.

STEPHENS, Associate Justice.—Appellants brought this suit, for the use of the Insurance Company of North America, against the Missouri Pacific Railway Company and the Texas Compress Association, to recover damages for the destruction by fire of 564 bales of cotton on November 14, 1887.   The cotton, when discovered to be on fire, was situated upon the platform of the compress association at Greenville, Texas. Appellants had shipped this cotton from various local points in Texas to Greenville, for the purpose of concentration and reshipment abroad.   The railway company, in order to multiply the carrying capacity of its cars, was interested in and paid the expense of compressing the cotton.   It was the course of business for the compress company to receive and issue receipts for cotton shipped in from local points, upon which the railway company issued bills of lading; the cotton being received by the railway company from the platform of the compress, for which purpose it was in general use.   The 564 bales of cotton so destroyed by fire had not been received by the railway company, and no bill of lading had been issued therefor, and the same were held by the compress company subject to the order of appellants, the compress company having been employed by appellants to receive, weigh, mark, and ship all their cotton hauled into Greenville.

The railway company had a small platform near its freight depot at Greenville, which seems to have been no longer used by it in receiving and shipping cotton, that of the compress being more extensive and suitable.   The main track of the railway was distant from the compress platform about sixty-five feet, the track laid for carrying cotton to and from this platform about four feet, and between them were two switch tracks.

The court sustained the general demurrer of the compress company, and

dismissed it from the suit.    In this we think there was error, which will require the judgment to be reversed and the cause remanded.    It seems clear to us, that if the allegations of the petition be taken as true, it showed actionable negligence in the compress company.

The issues submitted to the jury as against the railway company, upon which they returned a verdict in its favor, were (1) whether the sparks and cinders escaping from its engines set fire to the cotton, and if so, whether the proper precautions had been taken by the railway company to prevent this; (2) whether appellants were guilty of contributory negligence in having their cotton placed on the platform in question.

That appellants failed to show by a preponderance of the evidence that the fire originated from sparks or cinders escaping from any of appellee's engines, is a conclusion which we think the jury might reasonably have drawn from the testimony, as well as that all proper precautions had been taken by the railway company to prevent such a consequence.    It then becomes unnecessary for us to find whether the verdict can be sustained on the issue of contributory negligence.    That this issue was raised by the evidence, and that the court did not err in submitting it to the jury, we feel constrained by the decisions of our Supreme Court to hold.    Railway v. Levi, 59 Texas, 674; Railway v. Bartlett, 69 Texas, 79.    Appellants complain, not only that there was error in submitting this issue, but also in its repetition in the charge.    When repeated it was given mainly to qualify charges which otherwise might have been misleading.    Railway v. Leak, 64 Texas, 657; Railway v. Larkin, 64 Texas, 460.

Complaint is made of the following charge as being a comment upon the evidence, and giving undue prominence to particular facts as constituting contributory negligence:    " Did the plaintiffs, in placing their cotton or having it placed on the platform of the compress association, act as an ordinarily prudent man would have acted, taking into consideration its surroundings, its proximity to passing engines, etc., the purpose for which it was placed there, etc."    We do not so construe this charge.    These conclusions dispose of all the assignments of error and propositions submitted thereunder.

On the last page of appellants' brief we find the following: "*Additional proposition.*    The court erred in charging the jury, that before plaintiffs could recover, the jury must be *satisfied* from the evidence both that defendant's negligence caused the fire and that plaintiffs were not guilty of contributory negligence."    We are of opinion that this proposition can not properly be considered under any of the assignments of error.    In fact, it seems to be an afterthought of appellants' counsel, who seem to have induced the court on the trial, by their requested instruction number 1, to incorporate the word " satisfaction," complained of, into the charge.

We are further of opinion, that the charge in its entirety, when fairly

construed, does not come within the rule announced in Baines v. Ullmann, 71 Texas, 529; Railway v. Bartlett, 81 Texas, 42. The expression in the charge, " if you are *satisfied* from the evidence before you that the fire destroying said cotton originated or was caused by sparks and cinders emitted from defendants' engines," etc., was qualified, substantially in language requested by appellants, as follows, "And the destruction of the cotton by fire under this clause may be shown by circumstantial evidence sufficient in your opinion to justify the belief that the fire was caused by sparks or cinders coming from defendant's engines;" which, we think, indicated to the mind of the jury that by the word " satisfied" nothing more was meant than opinion or belief.

The further expression, "If you are satisfied from the evidence before you that the plaintiffs, at the time of the fire, had their cotton on the platform of the compress company," could not have done any harm, because that they had it there was beyond dispute, the controversy being not whether they had it there, but whether having it there under the circumstances disclosed in the evidence was an act of contributory negligence. Upon this issue the instruction ran, " and in having it there, you find that they did not act as a prudent man would have acted under similar surroundings, taking into consideration the purposes for which it was placed there, the proximity to passing engines, etc., etc., and by reason thereof they were guilty of contributory negligence, and the same was burned, then the plaintiffs would not be entitled to recover."

We are further of opinion that the use of the word *satisfied* in the charge, under the facts of this case, did not in the least prejudice the rights of appellants. Our conclusion, then, is, that as to the railway company the judgment should be affirmed, and that as to the compress company it should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered April 6, 1893.

Chief Justice TARLTON did not sit in this case.