### AGNES BELT ET AL. v. ZANE CETTI ET AL.

#### Decided January 2, 1909.

**1.—Appeal—Statement of Facts not Filed—Practice.**

A court of Civil Appeals will on its own motion strike out a statement of facts which does not appear to have been filed in the trial court.

##### ON REHEARING.

**2.—Appeal—Findings of Fact—Assignment of Error.**

An assignment of error should observe the distinction between the insufficiency of the findings of fact by the trial court to support the judgment, and the insufficiency of the evidence to support the findings of fact.

**3.—Administration—Community Survivor—Devastavit.**

In a suit by the heirs of the wife against the bondsmen of the husband as community administrator for devastavit by the husband, the fact that there were outstanding valid community debts in excess of the liability of the bondsmen for the alleged devastavit, would be no bar to a recovery by the heirs, administration upon the community estate of the husband and wife being still open.

**4.—Same—Liability of Bondsmen.**

Bondsmen of the husband as community administrator are not relieved from further liability when, after the death of the husband, an administrator of the community estate of the husband and wife receives and inventories one-half of the property in kind belonging to such community estate at the date of the qualification of the husband as survivor.

Appeal from the District Court of Tarrant County. Tried below before Hon. M. E. Smith.

*Coke, Miller & Coke,* for appellants.—The court erred in rendering judgment for the defendants, because the evidence shows that Thomas Roche qualified as community survivor and received a large community estate as such; the evidence shows that this estate has never been accounted for; that it was not used to pay community debts, and consequently the plaintiffs, Honora Sears and Agnes Belt, were entitled to a judgment as against the defendants for some amount.

The court erred in rendering judgment in favor of defendants, be-

cause the evidence shows that Thomas Roche, when he qualified as survivor of the community upon the death of his wife, received and inventoried community property of the value of $235,000; that he has never rendered any account of his administration of this property to any one; has never accounted to the plaintiffs herein, Agnes Belt and Honora Sears, the only heirs of his deceased wife, for any interest therein, and has never shown that the same was needed or used in the payment of community debts. Wherefore the said plaintiffs were entitled to judgment, and the court below erred in rendering judgment in favor of the defendants.

*Orrick & Terrell* and *W. R. Sawyers,* for appellees.—The property shown in the inventory of J. J. Roche, administrator of the community estate of Thomas and Mary A. Roche, which was not shown in the inventory of Thomas Roche as community survivor, must be held to be community property, for the administrator was the proper party to affirm or disaffirm the transaction of Thomas Roche on behalf of the community, and when the Probate Court concurred in the act of J. J. Roche, administrator, the status of the property was fixed.

J. J. Roche having qualified as administrator of the community estate of Thomas and Mary A. Roche, was entitled to make settlement with the bondsmen of T. Roche, survivor, and such bondsmen are entitled to credit in the absence of fraud as against their liability for all items of property delivered to J. J. Roche, administrator of the community, which were by him received as community property, inventoried as such with the approval of the court, and administered by him as such under the orders of the court, even though the property may have been by T. Roche acquired after the death of his wife and was actually his separate property, for in such event only the separate creditors could object to such an appropriation of separate property.

The judgment of the court below was correct in any event, for that under the admitted and undisputed facts the administrator of the community estate of Thomas and Mary A. Roche actually received and took into his possession more than one-half of the property inventoried and received by Thomas Roche, survivor, and that such property so received by J. J. Roche, administrator of the community estate aforesaid, was more than one-half in actual kind and value of the property received and inventoried by Thomas Roche, community administrator, and the receipt of the said property by J. J. Roche, administrator as aforesaid, was a full acquittance and discharge to the bondsmen of Thomas Roche, survivor. Brown v. Elmendorf, 87 Texas, 56.

SPEER, ASSOCIATE JUSTICE.—From an inspection of the record in this case we find what purports to be a statement of facts, but which nowhere bears the file mark of the clerk of the court before which the case was tried. While there is no motion to strike out such statement of facts, we nevertheless deem it to be our duty under the circumstances to refuse to consider the instrument as a proper part of the record. In Brown v. Orange County, 107 S. W., 607, the matter is treated as one which may be waived by the appellee, but in Matthews v. Boydstun, 31 S. W., 814, it is said: "The practice of disregarding a statement of

facts filed after the end of the term of the court and not authorized to be made up and filed by an order of the court contained in the record, whether brought to the attention of the court by action of counsel or discovered by the court from investigation of the case, is too well established by our Supreme Court to justify a doubt as to our duty to disregard the statement of facts in this case." The Supreme Court cases of Raleigh v. Cook, 60 Texas, 440; Ross v. McGowen, 58 Texas, 603; McGuire v. Newbill, 58 Texas, 314, and Texas & P. Ry. Co. v. McAllister, 59 Texas, 349, are cited for this holding. To the same effect is Dennis v. Neal, 71 S. W., 387, an opinion by the Court of Civil Appeals for the Third District. We are the more inclined to follow the rule as laid down by these cases for the reason that such has been the practice of this court, as will be seen from an examination of the cases of Smith v. Pecos Valley & Northeastern Ry. Co., 43 Texas Civ. App., 204, and Cockrell v. Walkup, 44 Texas Civ. App., 564, in each of which cases the statement of facts, not properly filed within the time required by law, was stricken out upon the court's motion.

There are no assignments of error which can be considered in the absence of a statement of facts, and it therefore becomes our duty to affirm the judgment of the District Court upon his findings of fact contained in the record.

Associate Justice Dunklin not sitting.

OPINION ON REHEARING.

On a former day of the term we disregarded the statement of facts because not filed in the court below, and affirmed the judgment. We are now asked to grant a rehearing and to permit a correction of the record to show that the statement of facts was duly filed in the District Court, and we are of the opinion the motion should be granted. We therefore proceed to consider the case on its merits.

The case has been once before appealed to this court, a report of which will be found in 91 S. W., 1098, and in that opinion we affirmed a judgment in favor of the present appellees, stating: "In the view we take of the case no other judgment than the one rendered by the court could be sustained." We expressly affirmed the judgment, however, on a question of limitation, upon which question the Supreme Court in a writ of error granted to our judgment reversed our decision, as will be seen from the further report of the case in 102 Texas, 92. There were findings of fact filed by the district judge before whom the case was tried on the first trial, and these findings are also set out in the report of the Supreme Court decision. After the order of the Supreme Court reversing the case and remanding it for trial, the district judge again rendered judgment for the appellees, from which this appeal is prosecuted. The findings of fact filed by the trial judge are as follows:

"1. That the defendants in open court abandoned so much of their pleadings as raised the question of bar of the statute of limitations.

"2. That on the 16th day of August, 1889, Mrs. Mary A. Roche died, leaving surviving her Thomas Roche and their two children, Agnes and Honora.

"3. That in August, 1889, Agnes Roche was nine years old and Honora Roche was seven years old.

"4. That on the 20th day of December, 1899, Agnes Roche married C. J. Belt, and on the —— day of September, 1902, Honora Roche married H. E. Sears.

"5. That at the time of the death of Mrs. Mary A. Roche she and her husband were possessed of a large community estate consisting of the items shown in exhibit A to the amended original answer of defendant C. J. Swasey, filed October 26, 1903, which said property, together with the notes listed in said exhibit, were of the value of $234,032, from which should be excepted the note of A. G. Rintleman, $1,000, which was paid before the death of Mrs. Roche, leaving the value $233.032. That the community property was all the property then owned by them or either of them.

"6. That on the 16th day of September, 1889, Thomas Roche made application to the County Court of Tarrant County, Texas, to be appointed community administrator of the estate of himself and his deceased wife.

"7. That on the same day Thos. Roche was by said court appointed community administrator of said estate of himself and wife, and duly qualified as such on the 27th day of September, 1889, giving bond as required by law and conditioned as required by law in the sum of $235,385.

"8. That the sureties on said bond were Zane Cetti, C. J. Swasey, E. W. Taylor, E. E. Chase and M. L. Lynch.

"9. That E. E. Chase died insolvent before the beginning of this suit.

"10. That the said bond was approved duly by the court on October 10, 1889, and Thomas Roche then took charge of the community property under his appointment.

"11. Thos. Roche disposed of property of the community estate of the value of $68,145.33, exclusive of the Tom Green County sections, and including $11,500 rents collected, and including $2,000 on the McLemore survey, item 5 of the T. Roche inventory. Some of the above properties brought more than inventory values, and one piece, item 39, $300 less, by items as follows:

| | | |
|---|---|---:|
| "Item 5. | 40 acres McLemore, chg. cash | $ 2,000.00 |
| 7. | ⅔ N. ¾ lots 2 and 3 Daggett, 2d Addition | 3,333.33 |
| 11. | Lot 3, blk. 8, Hirshfield | 6,300.00 |
| 19. | Sec. No. 25, blk 8, Taylor Co | 2,560.00 |
| 20. | Sec. No. 11, blk. 8, Callahan Co | 2,880.00 |
| 39. | ½ int. in 49½ ft., blk. 50 | 9,500.00 |
| 44. | Part Smith & Hirshfield | 1,700.00 |
| 46. | Part Texas & Pacific | 2,500.00 |
| 29. | ½ int. in 9 lots, blk. 4 | 15,750.00 |
| 53. | About 340 head steers | 6,000.00 |
| 56. | 21 shares oil mill stock | 2,100.00 |
| 57. | Electric light stock | 375.00 |
| | Notes $2,647, less Rintleman, $1,000 | 1,647.00 |
| | Rents collected | 11,500.00 |

$68,145.33

"12.   The Tom Green County sections, 13 in number, of the value of $8,320 at the time of the death of Mrs. Roche, and when disposed of, though inventoried at $16,640, were by Thomas Roche traded for some property in Des Moines, Iowa.   The 40 acres of the McLemore survey, item 5 of the T. Roche inventory, were sold to E. E. Chase for $2,000 cash and $6,000 in notes.   The notes were turned over to J. J. Roche, administrator of the estate of Thos. and Mary A. Roche, and suit brought thereon, and the whole property was bought in and taken possession of by said administrator and sold by him as the property of said estate of Thos. and Mary A. Roche by proper orders of the County Court of Tarrant County, Texas.

"13.   Thos. Roche mortgaged two pieces of the community property, to wit, items 1 and 12 of said exhibit A, of the then value of $39,560, for $18,000.

"14.   That Thos. Roche after the death of his wife had no business other than that of the community, and all of his time was given to its affairs and all of his dealings were had and done for the benefit of the community estate.

"15.   That Thomas Roche while community administrator kept a book showing the receipts and disbursements for and on behalf of the community, which book was lost years after the death of Thos. Roche and years before the beginning of this suit, the same having been in the possession of J. J. Roche, administrator hereinafter referred to.

"16.   That on the 10th day of July, 1891, Thos. Roche died.

"17.   That after the death of Thos. Roche application was made to the County Court of Tarrant County, Texas, a court of competent jurisdiction, by J. J. Roche, for letters of administration on the estate of Thomas Roche and of the community estate of Thomas and Mary A. Roche, and letters were granted on said estates, and J. J. Roche duly qualified as required by law, his bond being approved on November 7, 1891.

"18.   That on his qualification J. J. Roche received and inventoried, and had appraised and administered by order of the court, Zane Cetti being one of the appraisers, as the community property of Thomas and Mary Roche, the following properties of the following values, to wit:

"Real estate which was on hand on the death of Mrs. Roche and still on hand at the time of the death of Thos. Roche, undisposed of, which was at the time of the death of Mrs. Roche of the value of $154,641.66.

"Exempt personal property and Ryland Mining stock in identical kind on hand at the death of Mrs. Roche and on hand at the death of Thos. Roche, undisposed of, which at the time of the death of Mrs. Roche was of the value of $16,850.00.

"The real estate above being at the death of Thos. Roche and when received by the administrator of the value of $146,950.00.

"The personal property and stock above at the death of Thos. Roche and when received by the administrator of the value of $35.00.

"Cash, $8,016.00.

"Notes taken from community property sold which were collected by the administrator of the community estate of Thomas and Mary Roche, $12,459.50.

(This includes Chase note of $6,000, on which the 40 acres Mc-Lemore was taken back; the balance was paid in cash.)

"Real estate acquired after the death of Mrs. Roche when taken by the administrator was of the value of $37,850.00.

"This was taken by the administrator of the community estate of Thos. and Mary A. Roche, and administered by him, except the Des Moines property shown below.

"Notes and choses in action acquired after the death of Mrs. Roche when taken by the administrator was of the value of $5,441.67.

"These notes were taken and administered as the real estate just above.

"Of the item $37,850, real estate, the property in Des Moines, the equity in which was of the value of $30,000, was included. This property was that which was received for the Tom Green County sections and took its place in the community estate.

"That the property mortgaged for $18,000 by Thos. Roche went to the administrator incumbered for that amount; the property was of the value at the time of the death of Mrs. Roche of $39,560, and at the time of the death of Thos. Roche and its receipt by the administrator of $35,000.

"19. That Thos. Roche was not responsible for any of the decreases in values, but they occurred from causes beyond his control.

"20. That Thos. Roche paid out while acting as community survivor on account of the community estate sums of money for which he is entitled to credit amounting to $59,044.87.

"The item of credits includes $12,649 paid out on account of notes of Elser-Lake-Cetti & Roche, and $10,000 being commissions at the legal rate on receipts and expenditures and household expenses.

"The above $59,044.87 is itemized as follows:

| | |
|---|---:|
| Attorney's fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ | 250.00 |
| Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3,183.87 |
| Tombstone . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,125.00 |
| Burial expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 400.00 |
| Improvements D4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2,000.00 |
| Insurance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2,500.00 |
| Commissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 750.00 |
| Factory Building . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 15,000.00 |
| Note, Ft. Worth Nat'l Bank. . . . . . . . . . . . . . . . . . . . . . | 2,000.00 |
| Note, Merchants' Nat. Bank. . . . . . . . . . . . . . . . . . . . . . | 1,721.00 |
| Loving release . . . . . . . . . . . . . . . . . . . . . . . . . . . '. . . . . | 3,500.00 |
| Daggett release . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 666.00 |
| Carb release . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3,500.00 |
| Notes, Elser-Lake-Cetti & Roche . . . . . . . . . . . . . . . | 12,649.00 |
| | $49,044.87 |
| | 10,000.00 |
| | $59,044.87 |

"21. That the trade involving the Tom Green County land traded

for the Des Moines, Iowa, property was ratified by plaintiffs, and Thomas Roche should not be charged with that item, but the Des Moines property should be taken in its place. The Des Moines property was sold by the guardian of the children and the proceeds were accounted for in settlement with them.

"22.  That the administration on the estates of Thos. Roche and the community estate of Thos. and Mary Roche is still open and pending in the County Court of Tarrant County, Texas, on account of litigation and other causes, and J. J. Roche is still the administrator.

"23.  That there are now live and unsatisfied debts of the community estates of Thos. and Mary A. Roche amounting to over $200,000 subject to payment by the administrator of the community estate of Thos. and Mary A. Roche out of such assets as may be on hand.

"24.  That all assets of the comunity estate of Thos. and Mary A. Roche have been sold and the estate has been finally administered with the exception of a small balance, about $3,000 on hand, which is the only fund available with which to pay the said $200,000 of community debts.

"25.  That at the time of the death of Mrs. Roche there were in existence community debts, and there were community debts in existence at the time of the death of Thos. Roche.

"26.  That of the community property turned over to the administrator, J. J. Roche, the plaintiffs, Agnes and Honora Roche, received the following, to wit:

"The homestead of the value of........................$ 10,000
"The household and kitchen furniture, which was in identical kind but seems to have been, at the time of its receipt of no substantial value, though it was of the inventory value of $2,000 at the time of Mrs. Roche's death.
"Live stock of the value of ..........................        35
"(This was in identical kind but had depreciated in value from $350.)
"Cash . . ........................................     2,300
                                                    ————
                                                     $ 12,335

"27.  That the minors had a guardian of their persons and estates, one J. F. Tierney, who was appointed about the same time as the administrator and who frequently appeared for them in the administration proceedings, and who continued to act until the minors reached their majority, when he settled with them.  He was appointed by the County Court of Tarrant County, Texas, a court of competent jurisdiction, and qualified and acted under such appointment.

"28.  That the defendants Swasey and Taylor were duly adjudicated bankrupts in 1899.  That no liability on the bond in suit was scheduled. That J. J. Roche, administrator of the community estate of Thos. and Mary A. Roche, had notice of the bankruptcy proceedings from their inception, as well as of the discharge.  That Agnes and Honora Roche and J. F. Tierney, their guardian, did not know of the proceedings in bankruptcy aforesaid."

In the light of the decision of our Supreme Court on the former appeal we are constrained to hold with appellants upon their first and second assignments of error, to the effect that the court erred in rendering judgment in favor of appellees under the evidence. While it is true these assignments attack the judgment as being contrary to the evidence and not specifically that it is not supported by the findings of fact, yet we are unable for this reason to refuse to consider the assignments, because we are of the opinion the findings of fact do not support the judgment. If the findings were sufficient we might not go behind them except upon an assignment specifically making that attack, and in view of this we perhaps erred in not reversing the judgment on the original hearing.

It is unnecessary to detail the evidence, but the findings show that at the death of appellants' mother, Mrs. Mary A. Roche, she and her husband were possessed of a large community estate of the value of about $235,000. The findings further show that during his administration Thomas Roche disposed of property of the community of the value of $68,145, and that he paid out on account of such community estate the sum of $59,044.87, for which he is entitled to credit. Accepting these findings, the court, it would appear, should have rendered judgment in favor of appellants; but he evidently proceeded on the theory that because, as found by him (finding 23), "there are now live and unsatisfied debts of the community estate of Thos. and Mary A. Roche amounting to over $200,000 subject to payment by the administrator," the appellants could in no event recover. But we are constrained to hold that this question was determined adversely to appellees on the former appeal. An examination of the report of the case in 100 Texas, 92, will show that the trial court there found "that there are now in existence and unpaid debts in excess of $100,000, which are valid community debts of the estate of Thos. and Mary A. Roche," and that the administration was then, as it is now, still pending. It will also appear that even this $100,000 was far in excess of any probable liability of the appellees as bondsmen for the *devastavit* of their principal, Thomas Roche. If the contention were sound that the existence of valid and unpaid claims against the estate would constitute a bar to appellants' recovery, the decision of the Supreme Court would necessarily have been one of affirmance of our former judgment, even though that court had disagreed with us on the question of limitation discussed in both opinions. In other words, the Supreme Court would not have reversed and remanded the case for trial if the judgment of the District Court was right upon the findings made. So that we take it to be settled that the twenty-third finding, to the effect that there are now live and unsatisfied debts amounting to over $200,000, subject to payment by the administrator of the community estate of Thomas and Mary A. Roche, is upon an immaterial issue, and constitutes no defense to appellants' right of recovery.

If we are right in the above, the same reasoning also answers appellees' further contention that they were relieved from further liability when J. J. Roche, as administrator of the community estate of Thomas and Mary A. Roche, received and inventoried one-half of the property in kind belonging to such community estate at the date of the qualifica-

tion of Thomas Roche. This contention was also urged in support of the judgment on the former appeal, but we did not then, nor do we now, attach any importance to it.

The fifth assignment of error is also sustained, wherein it complains of the insufficiency of the evidence to support the finding as to the items of the Loving, Daggett and Carb releases. Evidence that "three releases of vendor's lien notes made by various parties to Thomas Roche, reciting the payment by Thomas Roche of the sum of —— dollars, which releases bore date after the death of his wife," is not sufficient to support the eleventh, twelfth and thirteenth items of the court's twentieth finding.

The only other findings attacked are the fourteenth and twenty-first, and these we sustain as being supported by the evidence.

The motion for rehearing is therefore granted, the original statement of facts is ordered to be filed, and the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Associate Justice Dunklin not sitting.