## McKENZIE et al. v. BEASON.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 11, 1911. On Rehearing, June 3, 1911. Appellants' Motion for Rehearing Denied Oct. 21, 1911.)

1. APPEAL AND ERROR (§ 644*)—STATEMENT OF FACTS—DELAY IN FILING—EFFECT.

The Court of Civil Appeals will notice failure to file the statement of facts in time, though appellee does not raise the question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2795–2798; Dec. Dig. § 644.*]

2. WATERS AND WATER COURSES (§ 39*)—RIPARIAN RIGHTS.

The canal of an irrigation company which has condemned all the waters of a stream should be treated the same as the stream, as affecting the question whether land of a purchaser from the company on the line of the canal is riparian land.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 31; Dec. Dig. § 39.*]

### On Rehearing.

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.

An assignment of error should be overruled where the only statement thereunder is that the court sustained exceptions 1, 2, 3, and 4 as shown by the assignment, to which action defendant excepted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**4. APPEAL AND ERROR (§ 497*)—RECORD—SUFFICIENCY.**

An assignment of error to the rejection of evidence will be overruled if the bill of exceptions on which it is based fails to show that the objection to the evidence was improperly sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2954; Dec. Dig. § 497.*]

**5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF STATEMENT.**

"Statement. See testimony of H., original statement of facts, pp. 38–44," etc., is insufficient as a statement under an assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

**6. APPEAL AND ERROR (§ 877*)—RIGHT TO COMPLAIN.**

A judgment will not be reversed for error affecting only persons not parties to the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3565, 3566; Dec. Dig. § 877.*]

Appeal from District Court, Reeves County; S. J. Isaacks, Judge.

Action by Olive Beason against E. W. McKenzie and others. From the judgment, defendants McKenzie and Cope appeal. Affirmed.

McKenzie & Brady and J. W. Parker, for appellants. Hefner & Hudson, for appellee.

SPEER, J. Mrs. Olive Beason, a feme sole, sought by this suit to restrain E. W. McKenzie and others from diverting the waters of Santa Rosa creek in such manner as to interfere with the irrigation of a tract of land owned by her situated on the irrigation ditch or canal of the Pecos River Irrigation Company, a corporation, which had previously condemned all the waters of said creek in accordance with our statutes, and which use she alleged had continued for 18 years prior to the filing of her petition. The right to such use had been acquired from the irrigation company by purchase. A trial before the court without a jury resulted in a judgment in favor of the defendants, who were upper riparian owners as to those lands found by the court to be riparian to Santa Rosa creek and otherwise in favor of the plaintiff, restraining the defendants from diverting from said creek and canal more water than was reasonably necessary for irrigating the riparian lands. The defendants McKenzie and Cope have appealed.

[1] First, we must dispose of a question which presents itself to us, though no brief is filed for the appellee making such suggestion, and that is that the statement of facts appears to be filed long after the expiration of the time within which the court ordered the same to be filed. From the caption to the transcript it appears that the term of the district court for Reeves county at which this case was tried ended December 18, 1909, the cause was tried on December 18th and a 30-day order within which to file the statement of facts and bills of exception was made, but the statement of facts was not filed until January 28, 1910. No order appears in the record for such delay. The matter is one which we will notice without a suggestion by the appellee. Belt v. Cetti, 53 Tex. Civ. App. 102, 118 S. W. 241, and authorities cited.

[2] We think the exceptions, both general and special, were properly overruled, because, under the facts pleaded, the canal of the Pecos Valley Irrigation Company should be treated to all intents and purposes as the Santa Rosa creek, and appellee's land, therefore, will be considered as riparian to it. Santa Rosa Irrigation Co. v. Pecos River Irrigation Co., 92 S. W. 1014.

The other questions presented by appellants cannot be considered in the absence of a statement of facts.

The judgment is affirmed.

### On Rehearing.

In obedience to the mandate of the Supreme Court in Railway v. Parker, 135 S. W. 369, we have granted a rehearing herein and permitted the statement of facts to be filed under an order of the district court omitted from the original transcript. In the original opinion filed February 11, 1911, we gave our reasons for affirming the trial court's ruling on certain demurrers. Perhaps we should now add our reason for sustaining his rulings in certain other respects.

[3] The fifth assignment is overruled because the only statement submitted thereunder is that the court sustained special exceptions 1, 2, 3, and 4 as shown in said assignment of error, to which action of the court in sustaining said exceptions the defendant in open court reserved his exception. This is not the statement contemplated by the rules which would enable this court to pass upon the correctness of the trial court's ruling. What the exceptions were and what the pleading to which they were directed was nowhere appears from the statement.

The sixth, seventh, and eighth assignments are overruled for the same reason, to wit, the insufficiency of the statement.

[4] The ninth and tenth assignments, objecting to the rejection of evidence offered by appellant, are overruled because of the reasons above, and, furthermore, because the bills of exception upon which they are predicated fail to show that the objection sustained was not in fact properly sustained. In truth, the objection, to wit, that there was no pleading to support the evidence of res adjudicata, appears to have been well taken, since the plea had been stricken out on exception.

[5] The eleventh assignment is immaterial, since, under the court's findings, his judgment

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

does not depend alone upon limitations. The assignments attacking the trial court's findings of fact are overruled because of the insufficiency of the statement submitted under them. The brief is replete with such statements as the following: "Statement. See testimony of H. E. Steinmann, original statement of facts, pp. 38 to 44, both inclusive, testimony of J. M. McKinzie, pp. 50 to 58, both inclusive, testimony of Walter McKinzie, pp. 60 to 62, both inclusive." The rules requiring a statement from the record are designed to facilitate the appellate courts in the disposition of the particular assignment under consideration. Such statements as the above do not meet this requirement. They amount to no statement at all, as has been frequently decided in this state. 3 Encyclopedic Digest of Texas Reports, p. 208. We therefore adopt the trial court's findings of fact as our own.

[6] One other suggestion of appellant, perhaps, deserves to be noticed. It is this: The judgment decrees that the plaintiff is adjudged to be the owner of and to have interest in, and is entitled to, the rights and use of the waters of Santa Rosa creek as against sections Nos. 85, 84, 83, 81, 82, 99, 86, 100, and 101, block 8, H. & G. N. R. R. Co. surveys in Pecos county, Tex., when the owners of said surveys were not parties to the suit. But, if this be true, such decree might not be binding on the owners of those sections and the decree to that extent be void. Nevertheless, we fail to see how this appellant can complain of the matter, or how we can reverse a decree when the only persons affected by it are not parties to the suit and of course have not appealed.

Upon the trial court's findings of fact adopted as above, the judgment of the district court is affirmed.