## ROUNTREE v. D. H. BELL & CO.

(Court of Civil Appeals of Texas. Feb. 18, 1911. Rehearing Denied March 25, 1911.)

1. APPEAL AND ERROR (§ 564*)—RECORD—STATEMENT OF FACTS—TIME OF FILING.

Where an appellant was given 30 days in which to have approved and filed bills of exception and a statement of facts, and no order

---

extending the time appears of record, and the statement of facts was not filed for nearly a year, it must be stricken out in the absence of explanation.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 564.*]

2. APPEAL AND ERROR (§ 547*)—STATEMENT OF FACTS—NECESSITY.

In the absence of a statement of facts, exceptions to the court's charge will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2427; Dec. Dig. § 547.*]

Appeal from District Court, Haskell County; C. C. Higgins, Judge.

"Not to be officially reported."

Action by D. H. Bell & Co. against T. A. Williams. Ed Rountree was made a party, and Williams pleaded over against him. From a judgment for plaintiff against Williams, and a judgment for Williams against Rountree, the latter appeals. Affirmed.

A. H. Kirby, for appellant. Helton & Murchison, Gordon B. McGuire, and H. G. McConnell, for appellee.

CONNER, J. D. H. Bell & Co. instituted this suit against appellee T. A. Williams for $1,049 under appropriate allegations for commissions upon a sale of a tract of land owned by said Williams to appellant Rountree. Rountree was made a party and Williams pleaded over against him, alleging, in substance, that at the time of the sale Rountree had falsely represented that no agent was instrumental in procuring him as a purchaser, and that Williams had been thereby induced to make the sale to Rountree at a sum equal to the commission sued for less than he would have done but for such representations.

The court instructed the jury that if they found that the land had been sold, and that the plaintiffs were the procuring cause of the sale as alleged by them to find against the defendant Williams, and that, if they found for the plaintiffs against Williams, then to find for Williams over against Rountree, if they believed that Rountree had made the representations to Williams alleged, and that the price of the land had been reduced thereby. The court further instructed the jury to disregard a special plea of Rountree to the effect that at the time of the sale of the Williams land he, Rountree, had deposited the sum of $1,000 as a forfeit in event of his failure to complete the purchase, that the purchase had not been completed, and that Williams had been paid the $1,000, and hence was not entitled to the judgment over for commissions as prayed for. The trial resulted in a verdict and judgment in favor of D. H. Bell & Co., plaintiffs, against T. A. Williams for the sum of $1,049, with interest at 6 per cent. per annum from December 1, 1907, and also in favor of T. A. Williams

over against appellant Rountree for a like amount, and appellant has brought the case before us upon an appeal duly prosecuted.

[1] At the threshold of the case, we are met by motions in behalf of both appellees to strike out the statement of facts. The record shows that the case was tried and judgment rendered upon the 4th day of December, 1909; that the term of court at which the judgment was so rendered adjourned on the 13th day of December, 1909. Appellant's amended motion for new trial was filed on December 8, 1909, and overruled on the 11th day of December, 1909, and an order then entered granting appellant 30 days from and after the adjournment of the term in which to prepare, and have approved and filed, bills of exceptions and a statement of facts. No other order of extension appears in the record, and the statement of facts appears from the indorsement of the clerk of the district court of Haskell county to have been filed in that court on November 11, 1910, nearly a year after the entry of the judgment. Appellant has made no explanation of this delay, and it seems too clear for argument that the statement of facts must be disregarded. See Belt v. Cetti, 118 S. W. 241; McKinzie v. Olive Beason, No. 6,718 (decided by this court February 11, 1911, not yet officially published) 136 S. W. ——.

[2] If for no other reason, the foregoing conclusion necessitates an adverse ruling upon appellant's only assignment of error, which is to the effect that the court erred in his charge wherein he instructed the jury not to consider said special plea. We are unable to say that any evidence in support of the special plea was offered, or the evidence may have been conclusive against the plea. In either event it cannot be said that the court's charge was erroneous or prejudicial. Indeed, it is generally well settled that in the absence of a statement of facts rulings upon the admission of evidence and exceptions to the court's charge will not be noticed.

We conclude that the judgment should be affirmed, and it is so ordered.