MOTT et al. v. SCURLOCK et al.    (No. 56.)

(Court of Civil Appeals of Texas. Beaumont. March 2, 1916.)

1. COURTS ⚖➡247(2) — JURISDICTION—COURTS OF CIVIL APPEALS.

In a suit in trespass to try title in the district court of Sabine county, when on the perfection of the appeal the Ninth Court of Civil Appeals was not in existence, the appeal to the First Court of Civil Appeals was proper, whence it would have taken its course under order of the Supreme Court transferring cases from the First Court of Civil Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 757; Dec. Dig. ⚖➡247(2).]

**2. APPEAL AND ERROR ⟝627(3)—TRANSCRIPT —TIME FOR FILING—AFFIRMANCE.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1608, requires transcripts to be filed with the clerk of the appellate court within 90 days from the performance of an appeal, and authorizes the appellate court to permit a later filing for good cause shown; article 2084 declares an appeal to be perfected when the appeal bond is filed and approved; and article 1610 provides that, if the appellant does not duly file the transcript of the record, the appellee may file with the clerk a certificate of the clerk of the lower court stating when such appeal was perfected, whereupon the Court of Civil Appeals must affirm the judgment, unless good cause is shown why the transcript was not filed. Judgment was entered April 20th, the district court for that term adjourning April 24th, an appeal bond was filed and approved May 13th, and the statement of facts was filed in trial court 92 days after adjournment, reaching the Court of Civil Appeals 91 days after perfecting appeal. *Held* that, where appellant, after perfecting his appeal to the First Court of Civil Appeals, forwarded the transcript to the Ninth Court of Civil Appeals, supposing that the cause had been transferred to it, and after its clerk had refused to file it, because too late, made no further efforts, except to resist the appellees' motion to affirm on certificate, no reasonable excuse was shown why the record was not duly filed in the trial court or in the Court of Civil Appeals, and hence that, where the transcript showed the trial court's jurisdiction, the motion to affirm its judgment on certificate would be granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2747, 2749; Dec. Dig. ⟝627(3).]

**3. APPEAL AND ERROR ⟝1127—FAILURE TO FILE TRANSCRIPT—AFFIRMANCE ON CERTIFICATE.**

In view of Courts of Civil Appeals rule 11a (142 S. W. xi), where an affirmance is asked on a certificate filed, a failure to file the statement of facts in time will be noted by the Court of Civil Appeals, although the appellee does not raise the question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4432–4440; Dec. Dig. ⟝1127.]

Appeal from District Court, Sabine County; H. C. Howell, Special Judge.

Trespass to try title between F. G. Mott and others and J. A. Scurlock and others. Judgment for Scurlock and others, and Mott and others appeal. Affirmed.

W. F. Goodrich, of Hemphill, W. B. Powell, of Jasper, and T. O. Mann, of Laredo, for appellants. Rufus Price and Davis & Ramsey, all of San Augustine, S. W. Blount, of Nacogdoches, and J. W. Minton, of Hemphill, for appellees.

MIDDLEBROOK, J. This is a suit in trespass to try title. It was tried in the district court of Sabine county, and judgment entered April 20, 1915. The district court for that term adjourned by statute April 24, 1915. Appeal bond was filed and approved May 13, 1915. The statement of facts was filed in the trial court July 24, 1915, 92 days after adjournment, and reached this court August 13, 1915, 91 days after perfecting appeal, exclusive of the day of filing the appeal bond in the district court, and the day the record reached this court. The appeal was perfected to the First Court of Civil Appeals at Galveston, but appellants forwarded the transcript and statement of facts to this court. The clerk of this court refused to file the record in this court, because it reached him too late, and so notified appellants' counsel.

On January 24, 1916, appellees filed motion and transcript in the First Court of Civil Appeals for affirmance on certificate. On February 8, 1916, appellants filed "motion resisting appellees' motion to affirm judgment on certificate" in the First Court of Civil Appeals. On February 10, 1916, the First Court of Civil Appeals entered its order transferring the motions and transcript to this court; and on February 28, 1916, the clerk of the First Court of Civil Appeals certified the record to this court, same reaching here February 29, 1916. The full 90 days was allowed by the trial court for preparing and filing statement of facts.

Article 1608, Vernon's Sayles' Civil Statutes, provides that transcripts shall be filed with the clerk of appellate courts within 90 days from perfection of appeal, and that the appellate court may permit later filing for good cause shown. Article 2084, Vernon's Sayles' Civil Statutes, provides that appeal is perfected when the appeal bond is filed and approved. Article 1610, Vernon's Sayles' Civil Statutes, provides as follows:

"In case the appellant or plaintiff in error shall fail to file transcript of the record, as directed in this chapter, then it shall be lawful for the appellee or defendant in error to file with the clerk of said court a certificate of the clerk of the district or county court in which * * * such appeal or writ of error may have been taken, attested by the seal of his court, stating the time when such appeal was perfected or such citation was served; whereupon it shall be the duty of the Courts of Civil Appeals to affirm the judgment of the court below, unless good cause can be shown why such transcript was not filed by the appellant or plaintiff in error. If a copy of the bond accompanies such certificate of the clerk of the district or county court, the judgment shall, in like manner, be affirmed against the sureties on such bond."

[1, 2] When the appeal was perfected, the Ninth Court of Civil Appeals was not in existence, and was not until its organization, June 19, 1915. The appeal to the First Court of Civil Appeals was proper, and appellants should have forwarded the transcript and statement of facts to that court, instead of to this court, and then it would have taken its course under order of the Supreme Court transferring cases to this court from the First Court of Civil Appeals. After appellant was notified by the clerk of this court that the transcript had reached him too late to be filed, no effort was made showing any cause why it was not filed sooner; and nothing further was done until appellees filed their motion in the First Court of Civil Appeals to affirm on certificate, and all that is presented in said motion, resisting the motion to affirm on

certificate, is that, intervening time of performance of the appeal and the end of the 90 days allowed by the trial court for filing the record in the appellate court, the Ninth Court of Civil Appeals was organized, and that they were under the impression that the cause had been transferred to the Ninth Court of Civil Appeals, and therefore forwarded the record to this court, and that they knew naught to the contrary, and had begun to prepare a motion requesting this court to permit said record to be filed in this court, and while in the preparation of said motion they were legally served with notice of appellees' motion to affirm on certificate.

Our opinion is that diligence is lacking on the part of appellants, that no reasonable cause is shown why the record was not filed in the trial court as required by law, and the same is true as to filing in this court, even though the appeal had been perfected to this court. The transcript accompanying the motion of appellees to affirm on certificate shows all of the statutory requirements as to jurisdiction of the trial court, etc., and we are of the opinion that the motion to affirm the judgment of the trial court on certificate is well taken, and should be granted.

[3] It has been held by our appellate courts that failure to file the statement of facts in time will be noted by the Courts of Civil Appeals, although the appellee does not raise the question. McKenzie v. Beason, 140 S. W. 246. Authorities: Rule 11a, Courts of Civil Appeals (142 S. W. xi); Insurance Co. v. Clancey, 91 Tex. 467, 44 S. W. 482; Blackman v. Harry, 45 S. W. 610; Bird v. Lester, 163 S. W. 658. The judgment of the trial court is therefore in all things affirmed, and the costs of this appeal are awarded in favor of the appellees against appellants, and also against the sureties on the appellants' appeal bond.

Affirmed.