#### HINES, Director General of Railroads, v. JONES. (No. 8412.)

(Court of Civil Appeals of Texas. Dallas. Nov. 20, 1920.)

**1. Appeal and error ⬧232(3)—Appellant not entitled to have review of charge on objection not made below.**

Where the specific objection to a charge urged on appeal that it was on the weight of the evidence was not made in the trial court, so that the trial court had no opportunity to cure the error, if any, appellant is not entitled to have the matter reviewed in the Court of Civil Appeals.

**2. Appeal and error ⬧231(9)—Objection to whole charge too general.**

Objection to the "whole" of the charge of the trial court on the ground that "it is so framed that, when taken as a whole and considering each of the paragraphs and questions therein together, it is on the weight of the evidence," was too general to be of any value in pointing out errors in the charge or in securing revision of any matter to which it related.

**3. Trial ⬧194(17) — Instruction in personal injury action held not on weight of evidence.**

In an action against the federal Director General of Railroads for injuries to a drayman whose ankle was crushed by a tombstone on a station platform, which fell on him as he, with others, was moving a cooking range to a car, instruction, after defining ordinary care and negligence, as to the duty of defendant, his servants and employés, to exercise ordinary care, etc., *held* not on the weight of the evidence.

**4. Trial ⬧139(1)—Evidence must leave no room for difference to justify taking question from jury.**

To authorize the trial court to take a question of fact from the jury, the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

**5. Railroads ⬧282(5)—Evidence held to establish negligence in placing tombstone on station platform.**

In an action for injuries to a drayman whose ankle was crushed by a falling tombstone on a railroad station platform past which he and others were moving a stove toward a car, evidence *held* to warrant findings of the jury that the stone which fell on plaintiff and injured him was not so placed on the platform as to be reasonably safe for persons to pass it, conveying freight.

**6. Railroads ⬧282(8)—Negligence in placing tombstone on station platform question for jury.**

The fact that heavy freight had been moved over a railroad platform before the time of injury to a drayman thereon through fall of a tombstone was not sufficient to establish as matter of law that the railroad was not guilty of negligence in the manner in which the tombstone was placed, or that the same was not the proximate cause of the injury; such matters being issuable facts for the jury.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by Horace Jones against Walker D. Hines, federal Director General of Railroads. From judgment for plaintiff, defendant appeals. Affirmed.

Charles C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant.

Simpson, Lasseter & Gentry, of Tyler, for appellee.

TALBOT, J. The appellee sued the appellant, as Director General of Railroads, for personal injuries alleged to have been received by him at Alba, Wood county, Tex., on the 7th day of July, 1919, through the negligence of the servants of the appellant. Appellee alleged, in substance, that he was a drayman, and on July 7, 1919, he was engaged in transferring to the station of the Missouri, Kansas & Texas Railway Company of Texas, at Alba, a lot of household goods and loading them into a car standing beside a loading platform of appellant; that he and two other men were moving a large cooking range, weighing 500 or 600 pounds, over the platform on trucks, intending to place it in the car; that with the said truck so loaded they passed a tombstone standing on the platform, and by reason of the defective condition of the platform and improper and unstable position of the tombstone, the tombstone fell and struck plaintiff's ankle, breaking the bones in the ankle and mashing the foot, and it is alleged that the injuries are permanent. The specific negligence alleged was bad repair and condition of the platform and improper and unsafe position of the tombstone. The appellant answered by general denial, special plea

⬧For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of good condition of the platform, pleas of contributory negligence, and plea of aggravation of appellee's injuries through his own negligence. The case was tried at the August term, 1919, of the court, and submitted to the jury on special issues. Upon the findings of the jury judgment was entered in favor of appellee and against appellant in the sum of $2,000. Appellant's motion for a new trial having been overruled, he appealed.

The evidence was sufficient to support the material allegations of the appellee's petition and to justify the findings of the jury, which were to the effect that the platform where appellee was injured was not in a reasonably safe condition for persons using the same in conveying freight over it to the car adjacent to said platform; (2) that appellant was guilty of negligence in failing to have said platform, at the time of the injury of which appellee complains, in a reasonably safe condition for the use appellee was making of it, and that such negligence was the proximate cause of appellee's injury; (3) that the stone which fell on appellee and injured him was not in such position on the platform as to be reasonably safe for persons to pass the same in conveying freight to the car for transportation; (4) that appellant was guilty of negligence in failing to so place the stone upon the platform as to be reasonably safe for persons to pass the same in conveying freight to the car, and that such negligence was the proximate cause of the appellee's injury; (5) that neither the appellee nor either of the parties aiding him in conveying the stone across the platform was guilty of contributory negligence at the time appellee received his injury; (6) that neither the appellee nor those assisting him in moving the stove across the platform pulled the stove against or struck the stone that fell on the plaintiff; and (7) that appellee by reason of the injury complained of had sustained damages in the sum of $2,000.

[1-3] The court, after defining "ordinary care" and "negligence," instructed the jury, with the view of aiding them in correctly answering the question submitted for their determination, as follows:

"It was the duty of defendant, his servants and employés, to exercise ordinary care to keep and maintain the platform at the point where plaintiff was injured in such condition as to be reasonably safe for persons using same in conveying freight over it into cars to be transported by defendant; and it was the duty of defendant, his agents, servants and employés, to exercise ordinary care to so place the stone which fell on plaintiff, if it did, in such position on the platform, taking into consideration the condition of the platform at the time, as would make it reasonably safe for persons to pass same in conveying freight over the platform by it into cars to be transported by defendant; and a failure to perform such duty or duties would be negligence."

This instruction forms the basis of appellant's first assignment of error, and is charged to be erroneous and prejudicial—

"because by the use therein, in the connection in which it is used, of the phrase, 'taking into consideration the condition of the platform at the time,' the said charge is upon the weight of the evidence, in that by the use of the said phrase there is an indirect statement or an implied statement or strong suggestion, that the defendant's platform was not in good and safe condition, which question was sharply contested by the evidence and was a material issue to be decided by the jury."

The appellee objects to a consideration of this assignment, because the appellant presented and filed objections to the court's charge to the jury, and did not object to it on the ground that the paragraph in question was upon the weight of the evidence. This contention of the appellee is supported by the record. In no way does it appear that the trial court's attention was called to the supposed error now asserted before the submission of the case to the jury. The only specific objections urged to the paragraph of the charge under consideration were: (1) Because it placed a greater burden on the appellant than is required by law; (2) because it placed upon the appellant a duty which he did not owe to a licensee; and (3) because there was no evidence sufficient to authorize the court to submit to the jury an issue of fact as to whether or not appellant's platform, at the point where appellee was injured, was in such condition as to be reasonably safe for persons using same in conveying freight over it into cars to be transported by appellant. The objection to the charge now being urged not having been made in the trial court before the submission of the case to the jury the court had no opportunity to cure the error, if error, and appellant is not entitled to have the matter reviewed in this court on appeal. There was an objection to the "whole charge" of the court on the ground that "it is so framed that when taken as a whole and considering each of the paragraphs and questions therein together, it is on the weight of the evidence," but such an objection is too general to be of any value in pointing out errors in the charge or of securing a revision of any matter to which it relates. But the language used in the charge and of which complaint is made does not, in our opinion, subject the charge to the criticism that it is upon the weight of the evidence. In Martin v. Railway Co., 3 Tex. Civ. App. 133, 22 S. W. 195, the plaintiff sued for the destruction of cotton by fire alleged to have been set by the railway company, and upon the issue of contributory negligence, the following question was propounded to the jury:

"Did plaintiffs, in placing their cotton or having it placed on the platform of the compress association, act as an ordinarily prudent man

would have acted, taking into consideration its surroundings, its proximity to passing engines, etc., and the purpose for which it was placed there, etc.?"

It was held that this charge was not open to the objection that it was a comment on the evidence, and gave undue prominence to particular facts as constituting contributory negligence. See, also, Railway Co. v. Slinkard, 17 Tex. Civ. App. 585, 44 S. W. 35. This also disposes of the appellant's eighth assignment of error, which asserts that the fourth question submitted by the court to the jury, by reason of the phrase included therein, to wit, "taking into consideration the condition of the platform at that point," indicated or suggested that the court was of opinion that the platform was not in safe condition, and therefore the question was upon the weight of the evidence.

[4, 5] The first question submitted by the court to the jury is in these words:

"Was the platform at the point where plaintiff was injured, at the time he was injured, in a reasonably safe condition for persons using the same, conveying freight over it into the car adjacent to said platform?"

To which question the jury answered No. The submission of this issue is complained of and assigned as error on the ground that the evidence was not sufficient to warrant the jury in finding that the platform at the point where appellee was injured was not in a reasonably safe condition for use by persons conveying freight over it, and that such finding was without evidence to support it, and is so against the great weight of the evidence as to be unwarranted, for the reason that under the evidence reasonable and unbiased minds could not fail to reach the conclusion that appellant's platform at the place where appellee was injured was in a reasonably safe condition for use in conveying freight over it. The decision of this question involves a consideration of all the evidence bearing upon the issue and is too voluminous to be detailed in this opinion. We have carefully read the evidence; and, while we would have probably reached a different conclusion from that announced by the jury in their verdict had we been called upon, as they were, to pass upon the question, yet we are constrained to hold that we would not, as an appellate court, be justified in saying there was no substantial evidence to support the jury's findings that appellant's platform was not in a reasonably safe condition for persons using the same in conveying freight across it, and that the failure of appellant to have it in such condition was negligence, and that such negligence was

the proximate cause of appellee's injury. The rule has been announced again and again that to authorize the court to take the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. We conclude that we would not be authorized to hold that the evidence adduced on the issue here involved was so one way that the court should have declared, as a matter of law, that appellant was not guilty of negligence proximately causing appellee's injury in not having its platform in a reasonably safe condition for the use to which appellee was putting it. But, however this may be, the jury, in response to an appropriate question propounded to them by the court, said, as hereinbefore indicated, that the stone which fell on the appellee and injured him was not so placed upon appellant's platform as to be reasonably safe for persons to pass the same in conveying freight over the platform; that appellant was guilty of negligence in failing to so place the stone as that it would be reasonably safe for such use of the platform, and that such negligence was the proximate cause of appellee's injury. These findings of the jury, which were clearly warranted by the evidence, together with the finding, which is not attacked, that appellee had sustained damages in the sum of $2,000 as a result of his injury, furnished ample basis for the judgment rendered.

[6] The ninth assignment of error, to the effect that "under the undisputed evidence showing that freight had been moved in large quantities and heavy weight over the said platform for months before the time of plaintiff's injury, and in view of the whole of the testimony, the finding of the jury in answer to the fourth question is not warranted or supported by the evidence," cannot be sustained. The fact that such freight as is described in this assignment had been moved over the platform for months before the time of appellee's injury, either alone or together with the other testimony in the case, was not sufficient to establish as a matter of law that the appellant was not guilty of negligence in the manner in which the stone was placed on the platform, or that the same was not the proximate cause of the appellee's injury. Plainly, these matters became, under the evidence, issuable facts for the determination of the jury, and their findings with respect to them are conclusive upon this court.

Believing that the assignments of error show no sufficient reason for a reversal of the case, the judgment of the trial court is affirmed.