## JAGOE CONST. CO. v. HARRISON et al.

### No. 3847.

Court of Civil Appeals of Texas. Texarkana.
April 28, 1930.

Rehearing Denied May 8, 1930.

Bartlett, Brown & Thornton, of Dallas, and Ramey & Davidson, of Sulphur Springs, for appellant.

J. K. Brim, of Sulphur Springs, for appellees.

### LEVY, J.

Lena Harrison in her own behalf and as next friend of her minor son sued the appellant for damages for personal injury to her son. On a former appeal the cause was remanded for trial. 17 S.W.(2d) page 861. The mandate was returned and filed in the district court on July 18, 1929. On call of the jury docket at the August term of the court, and on August 28, 1929, this cause went to trial. The case was submitted to the jury on special issues. In keeping with the verdict of the jury, the court entered judgment for the plaintiff for the amount of damages awarded her. Thereupon in due time the defendant company filed a verified motion for a new trial. The motion for new trial complained of: (1) The trial of the case, in the absence of the attorneys for the defendant; (2) the failure of the court to define "negligence" and "proximate cause" in submitting the special issues to the jury; (3) issue No. 5 on damages as being on the weight of the evidence; and (4) the verdict and pleadings as not authorizing the judgment. Attached to the motion for new trial was the affidavit of the defendant's attorney, stating, in substance, that an oral agreement was entered into between him and the attorney for the plaintiff not to call the case for trial or set it for trial before "the second week of the court," and that, because of the agreement, and relying upon it, the defendant's attorney was not present at the trial on August 28. A controverting affidavit was timely filed by the attorney for the plaintiff, in substance denying any agreement to postpone the call or the trial of the case to the second week. The court overruled the motion for new trial, and the defendant has appealed. All of the points set up in the motion for new trial are complained of by proper assignments of error.

■ It is believed that this court would not be warranted, in the particular circumstances of the case, in setting aside the judgment of the trial court. There was misunderstanding between the attorneys for the plaintiff and the defendant as to the time the case would be called for trial. The trial court's finding in this respect, as within its province to make, becomes conclusive upon the appellate court.

■ Likewise, considering the affidavits in the view of an equitable ground for a new trial, this court cannot, in all the circumstances, say that the trial court abused his discretion in overruling the motion. The determination of this point appears to settle the appeal, for objections were not made to the court's charge in the trial court, due to the absence of the defendant's attorney. In the absence of requested instruction, it may not be regarded as affirmative error to fail to define "negligence" and "proximate cause." Article 2190, R. S.; Kansas City, M. & O. Ry. Co. v. Oates (Tex. Civ. App.) 185 S. W. 1016; Galveston, H. & S. A. Ry. Co. v. Holyfield (Tex. Civ. App.) 70 S. W. 221; Port City Lumber Co. v. Markell (Tex. Civ. App.) 9 S.W.(2d) 449. Objection must be made in the trial court that the charge as to the measure of damages is on the weight of evidence. Garcia v. Hernandez (Tex. Civ. App.) 226 S. W. 1099; Hines v. Jones (Tex. Civ. App.) 225 S. W. 412. In the case of Han-

over Co. v. Hines (Tex. Civ. App.) 11 S.W. (2d) 621, cited in the brief, it is therein recited that issues 2 and 3 "were objected to before their submission."

The judgment is affirmed.