### HOMER P. MAYO v. ABE GOLDMAN.

Decided October 31, 1906.

**Statement of Facts—Filing—Diligence.**

A judgment will be reversed for failure of the trial judge to have the statement of facts filed, where, the parties having failed to agree, appellant, in due time, presented his own statement to the judge, who declined to sign it and approved one presented by appellee. Appellant was not in default, it being the duty of the judge to prepare the statement and file it (Rev. Stats., art. 1380), and appellant had a right to presume that he would do so.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Dudley & Dudley* and *E. P. Scott,* for appellant.—The court erred in not making out, certifying and having filed in this case a statement of facts as required of him by law, instead of signing and mailing a statement of facts to defendant's attorneys. Hilburn v. Preston, 32 S. W. Rep., 702; Reagan v. Copeland, 78 Texas, 551; Rev. Stats., art. 1382.

*Moore, Park & Burmingham,* for appellee.—The document copied and made a part of the transcript denominated by appellant "statement of facts," is not approved by the trial court and was not filed with the clerk within twenty days from the adjournment of the term at which the case was tried, and will not be considered by this court. Rev. Stats., art. 1379; Acts of 1903, p. 32; Johnson v. Blount, 48 Texas, 38; Texas & Pac. Ry. Co. v. McAllister, 59 Texas, 349; Galveston, H. & S. A. Ry. Co. v. Perkins, 73 S. W. Rep., 1067; Galveston, H. & S. A. Ry. Co. v. Keen, 73 S. W. Rep., 1075.

This court will not reverse on account of the failure of the trial judge to make out and file a statement of facts; the proper remedy was for appellant to apply to this court for a writ of mandamus to compel the performance of such duty by the trial judge. Reagan v. Copeland, 78 Texas, 551; Trinity & Sabine Ry. Co. v. Lane, 79 Texas, 648; Osborne v. Prather, 83 Texas, 208; Guerguin v. McGown, 53 S. W. Rep., 585; Worley v. McIntire, 23 S. W. Rep., 996; Capps v. Russell, 60 S. W. Rep., 993.

If this court is authorized to reverse for the failure or refusal of the trial court to approve and file a statement of facts, it must be made to appear that appellant has used due diligence to have such statement

made out, approved and filed in time. Wilson v. Tyler Coffin Co., 82 S. W. Rep., 665; Carter v. Thompson, 52 S. W. Rep., 92; Stubbs v. Landa Cotton Oil Co., 66 S. W. Rep., 214.

EIDSON, Associate Justice.—This is an action brought in the court below by the appellant for damages on account of an alleged slander. There was a trial before a jury, which resulted in a verdict and judgment in favor of appellee. The paper embraced in the record and designated as the statement of facts in the case, is not approved by the trial judge, and has the following endorsement by such judge thereon:

"Cooper, Texas, October 16, 1905, 7:22 p. m.
"This statement was presented to me at Cooper, Texas, on the 16th day of October, 1905, at 7:22 o'clock p. m., and the same was not indorsed nor approved, nor considered by me for the reason I have on this day approved and signed a statement of facts in this cause upon the presentation of the statement of defendant, which was forwarded on this day to defendant's attorneys, Moore, Park & Birmingham, Paris, Texas, on the evening train which left this place (Cooper, Texas) for Paris, Texas, at 5:20 o'clock p. m., with the indorsements thereon of the time and manner of reception, approval and return.
                                        T. D. Montrose,
                                        Sixty-second District."

The caption of the transcript shows that the term of court at which the trial was had adjourned on the 27th day of September, 1905, and that the Hon. T. D. Montrose, judge of the Sixty-second Judicial District presided. In the transcript, copied immediately after the paper above mentioned, are affidavits of the attorneys of appellant, and the originals of these affidavits are filed with the transcript of the record in this cause. These affidavits show that the statement of facts copied in the transcript was prepared by appellant's counsel and delivered to counsel for appellee on the morning of the 11th October, 1905, with the request, in effect, that they examine same, and agree or disagree to same at once and inform appellant's counsel of their conclusion. That said statement of facts was returned to one of appellant's counsel on the 14th October, 1905, about 11 o'clock, by appellee's counsel, with the statement that they could not agree to same; and appellant's counsel up to this time had heard no intimation that appellee or his counsel could not agree to the correctness of said statement of facts; that on the 16th October, 1905, one of appellant's counsel took said statement of facts to Cooper, Texas, where the judge who tried the case was holding court, and at 7:22 o'clock p. m., presented same to him for examination and approval, which he declined for the reasons endorsed by him on said statement, which endorsement is quoted above; that the statement approved by the judge and forwarded by mail to appellee's counsel, reached Paris about 6 o'clock p. m., on the 16th day of October, 1905. Appellee has filed with the record the affidavit of the assistant postmaster at Paris, Texas, showing that on the 16th and 17th days of October, 1905, the free delivery mail service was in force and operation in the

city of Paris, Texas, and that all mail arriving at the postoffice in said city after the hour of 6 o'clock p. m. on said dates would not be delivered until the morning of the next succeeding day. The affidavit of appellee's counsel filed with the record shows that the statement approved by the judge was received by him from the free delivery mail carrier at the office of appellee's counsel at 9 o'clock a. m. the 17th October, 1905, and the envelope in which said statement was contained is attached to said affidavit and sent up with the record, and the stamp of the receiving office on the back thereof shows that it was received at the postoffice at Paris, Texas, at 8 o'clock p. m., October 16, 1905.

According to the record the trial court adjourned on the 27th September, 1905, and there was an order entered allowing 20 days from the date of adjournment within which to prepare and have filed a statement of the facts in the case. The 20 days did not expire until 12 o'clock p. m. of the 17th October, 1905. Appellant's counsel was informed by the trial judge that he had approved a statement of facts in the case and forwarded same to counsel for appellee at Paris, Texas, where the trial was had; and it is shown by the affidavit of appellee's counsel that such statement was received by him as above stated, and that he failed to file same with the clerk for the reason, first, that the judge did not so order, and, second, because said statement was not received by him until after the expiration of the 20 days from adjournment of court allowed within which to file it. As shown above, the second reason is based upon a mistake as to when the court adjourned, and which an inspection of the record would have shown. As to the first, the language of the trial judge used in the endorsement on the statement of facts implied a direction to appellee's counsel to file said statement; and, evidently, the judge, in view of the short time left within which to file the statement, thought that counsel for appellee, who had shown diligence in presenting their statement to him, would, after getting it adopted by the court, exercise equal diligence in filing same; and perhaps would be more apt to file same in due time than the clerk, as counsel for appellee knew of the short time remaining within which to file same, and the importance of filing same within that time.

We, of course, can not consider the statement brought up with the record, as it was not approved by the trial judge nor filed within the time required by law. With respect to the statement approved or adopted by the judge and forwarded to counsel for appellee, but not filed, article 1380, Sayles Civil Statutes, provides: "If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements during the term, make out and sign and file with the clerk a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record."

From the language of this statute it clearly appears that it is the duty of the judge, when the parties fail to agree upon a statement of facts, not only to prepare a correct statement, but to *file* same with the clerk. Under the circumstances shown in this case appellant's counsel was justified in assuming that the trial judge had substantially complied with his statutory duty by directing the statement of facts approved

by him to be duly filed; and it did not devolve upon appellant's counsel to see that same was so filed.

Appellant's sixth assignment predicates error upon the failure of the trial judge to file a statement of facts in this case, the parties having failed to agree upon same. We think this assignment should be sustained, as it appears from the affidavits filed with the record by appellant and appellee, that such failure of the judge was not occasioned by any fault or negligence of appellant or his counsel. (Hilburn v. Preston, 32 S. W. Rep., 702; Herdig v. Walker, 3 Texas App. Civ. Cas., 352; Solinsky v. Young, 4 Texas App. Civ. Cas., 465; Hodges v. Peacock, 2 Texas App. Civ. Cas., 824.)

We do not think there was any error in the refusal of the trial judge to examine or approve the statement of facts presented to him by appellant, as he had already made out or adopted another, which he had the right to do. (Withee v. May, 8 Texas, 160; North v. Lambert, 3 Texas App. Civ. Cas., 77, 78.)

The other errors assigned by appellant relate to the charge of the court and can not be considered by us in the absence of a statement of facts. The words stated in the petition upon which the alleged slander is based might mean legal or statutory bribery, as there is no inuendo or allegation, explaining their meaning to be different, embraced in the petition.

For the reasons stated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*

In a motion for rehearing counsel for appellee set up that the record was in error in showing that the term of court ended on September 27, the true date being the 26, and prayed for certiorari to perfect the record in this respect; and that the statement of facts was received by them, as they had before claimed, too late to be filed within the time fixed therefor, of which fact they had notified plaintiff's counsel and consented that the statement might be filed back. The motion was overruled in the following written opinion.

#### OPINION ON MOTION FOR REHEARING AND FOR CERTIORARI.

Our holding in the original opinion that it did not appear from the record that the failure to file the statement of facts in this case was due to any negligence of appellant or his counsel, was not based entirely on the fact that the record showed the date of the adjournment of the court to be the 27th September, 1905. This was referred to for the purpose of showing want of diligence on the part of appellee's counsel in filing the statement approved by the judge and received by them. Conceding that the date of the adjournment of court was the 26th September, 1905, we are still of opinion that the record does not show that the failure to have a statement of facts duly filed in the case was owing to any fault of appellant or his attorneys.

The motion is overruled.

*Overruled.*