## D. B. THOMAS ET AL. v. J. A. MATTHEWS ET AL.

### Decided June 13, 1908.

**1.—Practice on Appeal—Unfiled Statement of Facts.**

A statement of facts which does not appear to have been filed by the clerk of the trial court will not be considered on appeal, and in passing on the judgment appealed from the only question which can be considered by the appellate court is whether or not the judgment was such a one as could have been rendered under the pleadings.

**2.—Will—Construction—Jurisdiction.**

The District Court of the county in which a will has been probated has jurisdiction to construe a will the provisions of which are of doubtful meaning.

**3.—Same—Fees of Executors.**

A will provided that "Said executors and their successors shall be paid for their services in executing this trust one-half the fees allowed by law in such cases." The will imposed upon the executors the duties of guardian for minor legatees. Held, that the executors were entitled to one-half the fees allowed by article 2780, Sayles' Revised Statutes, to guardians.

**4.—Same—Power of Executors—Release of Liens.**

By the terms of a will the title to property of the estate was specifically vested in the executors for the use of the beneficiaries; this fact together with the duty imposed upon them to make collections of the debts due the estate, evidenced an implied authority in them to execute the necessary releases.

**5.—Same—Title of Devisees.**

Will considered, and held, while the evident purpose of the testator was to vest only a life estate in his real property in his wife and children with remainder to his grandchildren, such was not his intention with reference to such real estate as might be acquired by the executors whether as an incident to the administration of the estate in making collections, or in the exercise of the power conferred on them to make investments in such property.

Appeal from the District Court of Throckmorton County. Tried below before Hon. Cullen C. Higgins.

*B. F. Reynolds,* for appellants.

*J. L. Blanton, W. T. Andrews* and *J. H. Barwise,* for appellees. In support of the judgment of the court, cited: Thornton v. Zea, 39 S. W., 595, holding that District Court has authority to construe a will; Huddleston v. Kempner, 87 Texas, 373; Harris v. First Nat. Bank, 45 S. W., 311; Rev. Stats., arts. 2780, 2781, 2644, 2639, 2633; Dwyer v. Kalteyer, 68 Texas, 554.

SPEER, ASSOCIATE JUSTICE.—This is a suit by the executors for the construction of the following will:

"The State of Texas, }
County of Throckmorton. }
"Know all men by these presents: That I, E. P. Davis, of Throckmorton County, Texas, do make and publish this my last will and testament.

"1st.—I desire all my debts and funeral expenses paid as soon after my death as convenient.

"2d.—I nominate, constitute and appoint J. A. Matthews and A. H. Carrigan as my executors of this my last will and testament. Said executors shall be required only to give bond in a sum double the appraised value of my personal property at the time this will is probated. Said executors and their successors shall be paid for their services in executing this trust one-half (½) the fees allowed by law in such cases. The court probating this will may appoint a substitute executor or executors to carry out the trust herein provided for in the event of a refusal or failure of the executors herein named to act or in the event of the death or inability of any of said executors to act, but said appointment shall not be made except the appointee or appointees are acceptable to all adult beneficiaries named herein, and that shall be expressed in writing.

"3d.—It is my will and desire that all monies due me shall be collected as soon as possible.

"4th.—I give and bequeath to my wife all my household and kitchen furniture and effects of every kind.

"5th.—I give and bequeath to my wife and children all my real estate only for their natural lives, and the remainder to go to the children of my said children, and my wife shall only receive a child's portion of my estate for life. If I have five children surviving me, it is my will that my wife and each of said children receive a life estate of one-sixth of my real estate, according to value, and in the event I shall have more or less children at the date of my death, then the real estate shall be divided according to value and not quantity among my wife and children according to number. In the event of the death of my wife, then the estate for life herein devised her shall descend to my children for their natural lives and the remainder to my grandchildren. In the event of the death of any of my children without issue, then the life estate held by said child or children so dying without issue shall be distributed equally among my wife and children then surviving, for their natural lives and the remainder to my said grandchildren. In the event of the death of any of my children leaving issue, then the issue of my children shall inherit the remainder of the estate so held by my child so dying with issue. If any of my children should die leaving issue and after that any of my children should die without issue, then the issue of my child or children surviving their said parent or parents shall be entitled absolutely to the shares of my estate his or their parents should be entitled for life. It is my will and desire and I so bequeath only a life estate in my real property equally according to value among my wife and children and the absolute fee simple estate of my real property I bequeath to my grandchildren *per stirpes* and not *per capita* according to value. I authorize my said executors to divide my real estate according to value as soon as practicable and have an order entered of record on the minutes of the court probating this will, allotting to my wife and children their respective shares for life, and my wife shall have immediate control of her shares; my children shall have possession of their shares respectively, as soon as each becomes

Vol. LI. Civil—20.

of age or as soon as they marry. My executors shall have possession of my real estate until it has been divided and allotted as above provided and the net income from it shall become the property of the child to whom it is allotted.

"6th.—I give to my wife and children in equal parts all the personal property I may die possessed of. I direct that my executors divide my cattle, horses, hogs and ranch personal property of every kind equally among my wife and children according to value, and in doing so may sell any or all of it as to them may seem proper. My executors may sell the personal property of any one or all of the personal property of any of the minor devisees of my personal property. The bank stock or any other corporation stock owned by me at my death shall not be sold by my executors unless it becomes necessary for the interest of my minor children. It is my will, desire and bequest that my minor children shall have no guardian of the estate hereby bequeathed to them, but my said executors and their successors have full possession and control over all the real and personal estate hereby bequeathed them, the same as if they were guardians of their estates by appointment of court. My executors shall invest all the money of my minor children upon the same security and in the same manner now provided by law in the case of guardians. For the purpose of providing my executors with full power over the estates of my minor children herein designated, I grant to my said executors possession and control of the property herein bequeathed to my minor children for the use and benefit of my said minor children until they shall each marry or attain the age of 21 years, and then the said minor children upon their marriage or attaining majority shall receive his or her pro rata portion of my estate. My executors shall, out of the income of the estate herein granted to my minor children, care for, provide all necessary means for the education and maintenance of my minor children until they shall attain the age of 21 years or marry, but each child shall receive only the income from his or her pro rata share of the estate bequeathed them herein.

"7th.—I direct, require and empower the court probating this will to require annually on the first of each January after my death, a full statement under oath from my executors, as to all money or other property they shall receive and what disposition they have made of same; also to inquire annually on the first day of January of each year as to the sufficiency of the sureties of my said executors, and if not satisfied with the sufficiency of said sureties to require my said executors or their successors, to give new security in 30 days after being notified so to do, and if said request is not complied with in said 30 days, then said court is to appoint a successor or successors to carry out this trust.

"9th.—The bequest herein provided for includes all my separate estate and all the community property of my wife and myself, and I have disposed of all of it in the manner in which I wish it to be used, held and owned.

"Witness my hand this 21st day of Sept., 1897.       E. P. Davis.
"Witnessed by: N. Henderson, A. H. Carrigan and R. Cobb."

The statement of facts contained in the record does not appear ever to have been filed by the district clerk, and we decline to consider the

same. The only question, therefore, which we are called upon to decide is whether or not the judgment of the District Court is such a one as could have been rendered under the pleadings. A copy of the will was attached to plaintiff's petition, and while the petition contained a prayer for the construction of the will "fully and completely so that no question can or should arise," yet its specific allegations reasonably show the necessity for a construction of those parts actually construed by the trial court.

The judgment rendered was as follows: "1. That in the second paragraph of said will it is provided that said executors therein named shall be paid for their services for executing the trusts therein imposed upon them one-half the fees allowed by law in such cases, which clause of said will this court construes that plaintiffs as such executors shall be entitled to as their compensation under the terms of said will two and one-half percent of all moneys collected, and also the sum of two and one-half percent of all moneys paid out by them as such executors on behalf of the said estate of E. P. Davis, deceased; and also that the said plaintiffs shall be entitled to the sum of two and one-half percent of money received by them as trustees of the estate of the said minor children (defendants herein) under the terms of said will, and the sum of two and one-half percent of all moneys paid out by them as such trustees as aforesaid, and that the above compensation includes two and one-half percent on all moneys loaned and invested by them as such trustees for the benefit of said minor children, and the sum of two and one-half percent of all moneys collected by them as such trustees on such loans and investments aforesaid, but that no fees shall be allowed such executors for payments to themselves as trustees, and that plaintiffs shall be entitled to all expenses incurred in the management of said estate of said E. P. Davis, deceased, and of said minor children as now provided by law for guardians and executors.

"2. And the court further construes said will to give and grant to said plaintiffs as executors and trustees as aforesaid the power and authority to make, execute and deliver all releases of incumbrances and liens of every kind and nature on any real estate held for the benefit of said estates of E. P. Davis, deceased, and said minor defendants, and also gives and grants to said plaintiffs as such trustees full power and authority to bargain, sell and convey any and all lands acquired by them as such executors and trustees for the benefit of said estate since the death of said E. P. Davis, deceased.

"3. And the court further construes said will to give and grant to said plaintiffs as said trustees and executors the authority to sell and convey or allot and distribute to any of the defendants (legatees) any lands acquired by said executors and trustees since the death of said E. P. Davis, deceased, and that the title so conveyed shall be a fee simple title free from any of the limitations imposed by the terms of said will upon the lands owned by the testator at the time of his death. The said executors are directed to pay the costs of this proceedings out of the funds of said estate."

The District Court of Throckmorton County had jurisdiction to construe the will in controversy (Thornton v. Zea, 39 S. W., 595, and authorities there cited), and we think the pleadings, together with the at-

tached will, authorized the judgment rendered. The provision of the will that the executors should be paid for their services one-half the fees allowed by law in such cases, clearly contemplated the fixed fees allowed by law to guardians of estates. Article 2780, Sayles' Texas Civil Statutes, fixes such fees at "five percent on all sums that he (the guardian) actually receives or pays away in cash." We think this article should be held to determine the amount of appellees' compensation under the will.

We think, too, the trial court correctly interpreted the will as authorizing the appellees to make, execute and deliver all necessary releases of liens against the real estate held for the beneficiaries. By the terms of the will the property of the estate was specifically vested in the executors for the use of the beneficiaries, and this, together with the duty imposed upon them to make collections of the debts due the estate, evidenced an implied authority in them to execute the necessary releases. While the evident purpose of the testator was to vest a life estate in his real property in his wife and children with remainder to his grandchildren, it would be reading into the will something that was never written to hold that such was his intention with reference to the real estate to be acquired by the executors, whether as an incident to their administration of the estate in making collections, or in the exercise of the power conferred on them to make investments in such property. In either event, the executors would have the power to sell and make title to the property so acquired.

The judgment of the District Court is therefore affirmed.

*Affirmed.*