BOYETTE et ux. v. GLASS.

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1911.)

1. APPEAL AND ERROR (§ 1071*)—REVIEW—HARMLESS ERROR—CONCLUSIONS OF FACT—FAILURE TO FILE.

It is reversible error for the court to refuse to file conclusions of fact and law when proper demand is made therefor.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1071.*]

2. APPEAL AND ERROR (§ 527*)—BILL OF EXCEPTIONS—FAILURE TO FILE CONCLUSIONS.

Failure of the trial court on request to file conclusions of fact and law can only be reviewed when incorporated in the record by bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2382; Dec. Dig. § 527.*]

3. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACTS—NECESSITY.

Assignments of error involving a consideration of the evidence cannot be considered on appeal, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433-2440; Dec. Dig. § 548.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by D. R. Glass against W. F. Boyette and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

W. F. Boyette and D. M. Reedy, for appellants. Gentry & Castle, for appellee.

LEVY, J. The suit grew out of the exchange of land between the parties. The appellee claimed that the title to the land received by him in the exchange had wholly failed, and he sued to have himself reinvested with the title deeded by him to appellants, or, in the alternative, to recover as unpaid purchase money the value of the land he received in exchange with foreclosure of the vendor's lien. The trial was to

the court, and judgment was rendered for appellee for $300 and interest with foreclosure of the lien.

By the first assignment of error complaint is made that the trial judge failed to make, and file conclusions of fact and law after request was made.

[1] It is correct that it has been ruled that it is reversible error for the trial judge to fail or refuse to make up and file conclusions of fact and law when proper and seasonable demand is made therefor. Wandry v. Williams (Sup.) 124 S. W. 85.

[2] It has, however, been decided that such act, if occurring, is a matter that must be brought before this court by bill of exception to the act of the judge before this court is authorized to consider it. Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885. For authority of this court to look to an affidavit presenting the matter, see Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946. The assignment, therefore, as the record is presented, is without the proper basis for our consideration. This ruling applies to the second assignment as well.

[3] As there is no statement of facts here, the assignments relating to the evidence cannot be determined. And the assignments relating to the exceptions to the petition do not present any reversible error.

The judgment was ordered affirmed.