HAYES et al. v. GROESBECK et al.†

(Court of Civil Appeals of Texas. Austin. March 13, 1912. Rehearing Denied April 17, 1912.)

1. APPEAL AND ERROR (§ 759*) — BRIEFS — COPYING ASSIGNMENTS.

Under Court of Civil Appeals rule 29 (141 S. W. xiii), requiring assignments of error to be copied in appellant's brief, and providing that assignments not so copied may be considered abandoned, an assignment of error need not be considered, where only a part of it was copied into the brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

2. APPEAL AND ERROR (§ 883*)—ESTOPPEL TO ALLEGE ERROR.

Where defendant admitted in open court that plaintiff's affidavit, showing the loss of the original instruments, sufficiently accounted for their nonproduction, so as to admit secondary evidence of their contents, he cannot object on appeal to the admission in evidence of certified copies of such instruments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3611; Dec. Dig. § 883.*]

3. APPEAL AND ERROR (§ 742*)—STATEMENT OF FACTS—CONTENTS.

Where no question is raised on appeal with reference to an affidavit, it need not be set out in the statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. DEEDS (§ 41*)—DESCRIPTION—SUFFICIENCY—REFERENCE.

It was sufficient that a deed referred to other deeds in evidence for a more perfect description of the land in controversy, wherein the land was fully described.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 84; Dec. Dig. § 41.*]

5. APPEAL AND ERROR (§ 260*) — PRESENTATION BELOW—OBJECTION TO EVIDENCE.

In absence of a bill of exceptions showing objection to the admission of evidence, error in admitting it cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

6. APPEAL AND ERROR (§ 736*) — ASSIGNMENTS OF ERROR—DISTINCT PROPOSITIONS.

An assignment of error which presents three distinct propositions of law, contrary to Court of Civil Appeals rule 29 (142 S. W. xiii), requiring each ground of error to be separately

stated, need not be considered on appeal, being multifarious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

7. APPEAL AND ERROR (§ 260*) — PRESENTATION BELOW—BILL OF EXCEPTIONS.

A contention that plaintiff's evidence in trespass to try title was not confined to the allegations of his abstract of title cannot be reviewed, in absence of a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

8. APPEAL AND ERROR (§ 627*)—STATEMENT OF FACTS—TIME OF FILING.

Matter contained in statements of facts and bills of exceptions, not filed within the time required by law, nor the assignments of error predicated thereon, need not be considered on appeal, though the court may do so in the absence of a motion to strike.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2744–2749, 3126; Dec. Dig. § 627.*]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by P. H. Groesbeck and another against W. L. Hayes and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Sidon Harris, of Austin, for appellants. A. S. Phelps, of Austin, for appellees.

RICE, J. It appears from the record that this suit was originally filed on the 22d of October, 1900, in the district court of San Saba county, by Mrs. P. H. Groesbeck and J. S. Groesbeck in their individual capacities, and by the latter as administrator of the estate of H. S. Groesbeck, deceased, for the recovery of 160 acres of land, situated in San Saba county; venue of said suit being thereafter, by agreement of parties, changed to Travis county. On February 7, 1911, J. N. Groesbeck filed his motion, asking that he be allowed to prosecute this case in his individual capacity, alleging that his mother, Mrs. P. H. Groesbeck, had died, and had bequeathed the land to him, and that he and his mother were the sole heirs at law of H. S. Groesbeck, deceased, which motion was granted, and the case thereafter prosecuted in his name.

After plea of not guilty, defendant set up the statutes of five and ten years' limitation in bar of plaintiff's right to recover; and the case was tried before the court without a jury, resulting in a judgment in behalf of plaintiff, from which appellants prosecute this appeal. Without going into detail, we deem it sufficient to say that the evidence supports this finding.

The first error assigned complains of the action of the trial court in admitting in evidence, over appellants' objection, the certified copy from the records of Bastrop county of a deed from G. R. and L. L. Allen to A. T. Morris, on the ground that said copy shows that the original deed was not recorded, but only a copy thereof was filed for record; and that the same does not sufficiently describe the land. Under the first proposition, it is insisted that the record of an alleged copy of a deed, when said alleged copy appears to have been made from a record not lawfully made, is not a legal record; and a copy of such illegal record is not admissible in evidence as a muniment of title to land under the provisions of the statute relating thereto.

[1-3] Appellee objects to the consideration of this, as well as the second, assignment, on the ground that appellant in his brief has failed to copy the assignments in full, but only a part thereof. This contention is sustained by the record, for which reason we would be justified in declining to consider the matters so presented by each of said assignments. See Rule 29 (142 S. W. xiii) for the Courts of Civil Appeals; Wigglesworth v. Uvalde Live Stock Co., 126 S. W. 1180; Ben C. Jones & Co. v. Gammel-Statesman Publishing Co., 141 S. W. 1048. Overlooking, however, this failure, we find no reason to sustain the assignment, first, because it does not appear from the record that the copy of the deed was unlawfully made. Besides this, we are inclined to believe that appellant's admission estops him from making any such objection to the introduction of said certified copy. Appellant admitted in open court that the plaintiff's affidavit in this case of the loss of all original instruments, copies of which said instruments are offered in testimony, sufficiently accounted for the nonproduction of said originals, and was a sufficient compliance with the law to admit of the introduction of secondary evidence to prove the contents of such lost instruments, and no objection is taken as to the same; and, further, that it is not necessary to set out said affidavit in this statement of facts, as no question is raised thereto.

[4] With reference to the insufficiency of the description in the deed, we think it sufficient to say that said instrument refers to other deeds which were offered in evidence for a more perfect description of the land, wherein the land is fully described, as set out in the petition. For which reasons, we overrule this assignment.

[5] The second assignment urges that the court erred in admitting in evidence, over appellant's objection, a purported copy of a deed from J. D. Groesbeck to J. C. French. The third assignment insists that the court erred in admitting in evidence, over his objection, the alleged deed from F. Carlton, assignee in bankruptcy of J. C. French, to J. C. Cope; and the fourth assignment complains that the court erred in admitting in evidence, over his objection, the purported proceedings in the county court of Bastrop county, in the matter of the estate of J. B. Cope, more fully setting out said objections in said assign-

ments, neither of which, however, can be considered, for the reason that the record contains no bill of exceptions showing any objection whatever made by him to the introduction of said evidence; and without such bill we cannot review the errors assigned.

[6, 7] The fifth assignment might be disregarded, on the ground that it undertakes to present three separate and distinct propositions of law, which is not permissible under the rules. See Rule 29. Multifarious assignments of error should be disregarded. See Williamson v. Powell, 140 S. W. 359. But waiving this, we do not think there is any merit in appellant's contention that plaintiff's evidence was not confined to the allegations of his abstract, because no bill of exceptions was reserved to such evidence when offered; and, in the absence of such bill, the point cannot be raised.

[8] We might have disposed of this appeal without considering any of appellant's assignments of errors predicated on the matters contained in the statement of facts or bills of exception, since the statement of facts and bills of exception were not filed in the time required by law. On the 20th of May, 1911, the court, by an order entered of record, extended the time for filing the statement of facts and bills of exception in this case to June 17, 1911; but, notwithstanding this, the statement of facts and bills of exception were not filed until the 27th day of June, and no excuse is shown why they were not filed earlier; but, since no motion was made to strike out the statement of facts and bills of exception, we have treated them as filed in time, and passed upon the assignments based thereon.

No reversible error having been pointed out, the judgment of the court below is, in all things, affirmed.

Affirmed.