ALBERS v. ROBERTS et al.

(Court of Civil Appeals of Texas. El Paso.
April 3, 1913. Rehearing Denied April 24, 1913.)

1. APPEAL AND ERROR (§ 544*)—STATEMENT OF FACT—NECESSITY.

In the absence of a statement of facts, the appellate court can consider only such fundamental errors of law as are apparent upon the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

2. APPEAL AND ERROR (§ 548*)—REVIEW—INSTRUCTIONS.

In the absence of a statement of facts, assignments of error based upon the refusal of special charges, which submit questions of fact or error in the charge given, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. APPEAL AND ERROR (§ 548*)—REVIEW—QUESTIONS PRESENTED.

In the absence of a statement of facts, assignments of error relating to the admission of evidence cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

Appeal from El Paso County Court; A. S. J. Eylar, Judge.

Action by J. B. Roberts and another against A. K. Albers. From a judgment for plaintiffs, defendant appeals. Affirmed.

See, also, 150 S. W. 596.

Seymour Thurmond and S. P. Weisiger, both of El Paso, for appellant. Stanton & Weeks, of El Paso, and E. B. O'Quinn, of Houston, for appellees.

HARPER, C. J. This is an action by J. B. Roberts, appellee, as assignee of Mark Miller, to recover of appellant compensation, in the nature of broker's commission, for securing a purchaser for certain real estate belonging to appellant, and which appellee Mark Miller claimed to have been authorized by appellee to sell. The suit was instituted by an original petition filed on the 27th day of January, 1912. On the 16th day of March, 1912, plaintiff filed his first amended original petition, in lieu of his original petition, alleging that "on the 4th day of September, 1911, the defendant Mark Miller was a land agent and real estate broker doing business in the city of El Paso, El Paso county, Tex.; that the defendant A. K. Albers, on said date, to wit, the 4th day of September, 1911, owned lots Nos. 18, 19, 20, 21, 22, and 23, in block No. 2, Sunset Heights addition to El Paso, Tex.; that the defendant A. K. Albers desired to place said lots upon the market and to make sale of the same; that he did on said date make and enter into a verbal contract with the said Mark Miller, as land agent and broker, to sell for him, the said A. K. Albers, said lands; that the said Albers authorized and employed the said Miller to sell the said lots on the following terms, to wit, $5,000 to be paid in cash, and as much more as said Miller could get over and above $11,000; that said Miller was authorized to sell said land for any sum in excess of $16,000; that any excess over $16,000 was to be his commission for selling said land; and that the said Albers would require the purchaser to pay as much as $5,000 down and the remainder to be paid in equal payments in 1, 2, and 3 years, together with 8 per cent. interest from date. And it was specifically agreed and understood that if the said Miller should sell the said land for a greater sum than $16,000 that the said Albers would pay the said Miller as commission all in excess of $16,000 out of the $5,000 payment then and there to be made. Plaintiff would further represent to the court that said Miller did on said 4th day of September, 1911, sell said land to one F. R. Tobin, and that said sale and contract was in writing, whereby said F. R. Tobin agreed and bound himself to pay to said Albers the sum of $17,000 for said lots of land, and that he agreed to pay $5,000 in cash, and three notes for equal payments, payable in 1, 2, and 3 years, and that said contract was reduced to writing, and that the said Tobin did deposit in the Rio Grande Valley Bank & Trust Company a certified check for the sum of $500 to guarantee his good faith in the premises."

March 21, 1912, plaintiff filed a trial amendment wherein he alleged that if he was "mistaken in alleging in his petition that the commission or amount to be received by said Miller, over and above the aforesaid sum of $16,000, was to be paid out of said $5,000 cash payment, which was to be made by the said Tobin, and that if he is mistaken in alleging that there was an express contract to that effect, the said plaintiff alleges in the alternative that at the time of making of the aforesaid contract, as set forth in the first amended original petition of plaintiff, there was a well-known and existing general custom among the real estate agents and landowners to the effect that, upon a sale being made by real estate brokers or agents, the commission would be paid out of any cash payment to be made under the terms of said sale, and which custom and usage existed in the city and county of El Paso, Tex., and was well known to the owners and real estate brokers of El Paso, Tex., and was well known to all of the parties to the aforesaid contracts, and set forth in the aforesaid amended petition, and that, in any event, the said custom being general in its character, the said defendant A. K. Albers, and other persons connected with transactions, are chargeable with notice of said cus-

tom and the terms and provisions thereof."

Defendant answered by general and special exceptions and general denial, and other special answers and pleas which it will not be necessary to recite, inasmuch as the general denial put in issue the allegations of plaintiff's pleading upon which he sought to recover.

The case was tried in the county court of El Paso county, beginning on the 21st day of May, and ending on the 23d day of May, 1912, before a jury, which returned a verdict in favor of plaintiff and against appellant for $1,000. Judgment was rendered in accordance with the verdict, and on the 3d day of June, 1912, appellant's motion for a new trial was overruled and appellant gave notice of appeal.

[1] There being no statement of facts which can' be considered by the court under its rules, our consideration of the case must be confined to such fundamental errors of law as are apparent upon the record. The statement of facts was heretofore stricken out by this court because not in conformity with the statutes and rules of this court. We therefore consider the assignments of error in appellant's brief only with a view to find if there is fundamental error in the record, for otherwise the motion of appellees to strike out the brief should prevail. .

[2] The first assignment charges that the court erred in refusing the third and fifth special charges requested by defendant, to the effect that if the jury believes that Albers authorized Miller to sell the property at the price of $16,000 net to Albers and upon terms of "$5,000 in cash, and three notes for equal payments, payable in 1, 2, and 3 years, and that said contract was reduced to writing, and that the said Tobin did deposit in the Rio Grande Valley Bank & Trust Company a certified check for the sum of $500 to guarantee his good faith in the premises," because the charge of the court must conform to the case made by the pleadings and be limited to the facts alleged in the pleadings and be supported by the evidence. "If you believe from the evidence in this cause that the defendant A. K. Albers did, as alleged by plaintiff, authorize the defendant Mark Miller, a real estate agent, to secure for him (Albers) a purchaser of the property described in plaintiff's petition at the price of $16,-000 net to Albers and upon the terms of $5,000 to be paid in cash and the balance of $11,000 in three equal annual payments, or said balance of $11,000 on terms to suit the purchaser, and that Miller was to be compensated, if at all, by what he should sell the property for in excess of said $16,000, and you further believe that said Miller secured in F. R. Tobin a purchaser of said property, ready, able, and willing to buy said property at the price of $17,000, payable $5,-000 in cash and $12,000 to be paid in three equal annual installments of $4,000 each,

and that under and by virtue of such contract of sale, had the same been consummated, the defendant Albers could not have received, after deducting from the cash proceeds of such sale and paying to defendant Miller $1,000, as much as $5,000 in cash, without selling or transferring or negotiating one or more of the promissory notes, then in such case, and if you so find, the plaintiff cannot recover of defendant A. K. Albers, and if you so believe and find your verdict should be for the defendant A. K. Albers. You are charged that if you believe from the evidence that the defendant A. K. Albers authorized the defendant Mark Miller, a land agent, to secure for him (Albers) a purchaser for the property described in plaintiff's petition at the net price of $16,000 on terms of $5,000 cash and balance on time, but that Albers did not agree to pay Miller anything for his services in securing said purchaser, other than that Miller should secure such sum as said Miller should sell said property for in excess of said net price of $16,000, then in such case, and if you so find, you are charged that at this time and in this suit for the plaintiff to recover herein, it would be incumbent on him (plaintiff) to show by a preponderance of the evidence that Miller had secured a purchaser ready, able, and willing to purchase said property at a price exceeding $16,000 and to pay in cash such excess over and above said $16,000. Therefore, if you believe from the evidence that Miller did secure a purchaser in F. R. Tobin, ready, able, and willing to purchase said property, but that said Tobin did not agree or contract to pay any greater sum or part of the purchase price in cash than $5,000, you are charged that plaintiff would not be entitled to recover anything of this defendant Albers."

It will be noted that the special charges complained of submit questions of fact, and therefore cannot be considered by this court in the absence of a statement of facts in the record.

In the case of Mayo v. Goldman, 44 Tex. Civ. App. 80, 97 S. W. 1061, the court holds that errors assigned which relate to the charge of the court cannot be considered in the absence of a statement of facts, and is a settled law of this state.

This rule inhibits consideration of the second and third assignments for the same reason.

[3] The fourth assignment complains that the court erred in permitting counsel for plaintiff to ask a witness a certain question. Under Boyette v. Glass, 140 S. W. 819, we hold that, as there is no statement of facts here, the assignments relating to the evidence cannot be determined.

There being no fundamental error apparent upon the face of the record, and no error assigned, the cause must be affirmed, and it is so ordered.