INTERNATIONAL & G. N. RY. CO. v. REEK
et al. (No. 5506.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1915. On Motion for Rehearing, Nov. 10, 1915.)

1. PLEADING ☞369—INJURIES TO SERVANT—ELECTION BETWEEN COUNTS.

Where, in an action by the surviving wife and children of a railroad employé for his death, the pleadings were intended to meet proof as to his having been engaged either in intrastate or interstate commerce at the time of his death, such pleadings were not improper as an attempt to recover under federal and state statutes at the same time, and plaintiffs were under no necessity to elect under which statute they would proceed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1199–1209; Dec. Dig. ☞369.]

2. TRIAL ☞232 — SUBMISSION ON SPECIAL ISSUES—INSTRUCTION CALLING FOR GENERAL VERDICT.

Where a cause was submitted on special issues, a charge correctly embodying the law, but calling for a general verdict, should not be given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 524, 525; Dec. Dig. ☞232.]

3. APPEAL AND ERROR ☞564—RECORD—NECESSITY FOR FILING STATEMENT.

Where the appeal bond was filed December 9, 1914, the transcript was filed in the Court of Civil Appeals March 6, 1915, and on April 14, 1915, a purported statement of facts which had never been filed in the lower court was filed in the appellate court, such statement could not be considered, since the law requires that it be filed in the lower court at some period within 90 days from the date the appeal was perfected by filing an appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. ☞564.]

4. APPEAL AND ERROR ☞644—RECORD—LATE FILING OF STATEMENT OF FACTS—NOTICE OF COURT.

Courts of Civil Appeals will notice a failure to file a statement of facts in time, although the question be not raised by the appellee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2795–2798; Dec. Dig. ☞644.]

5. TRIAL ☞232 — REQUEST FOR SUBMISSION ON SPECIAL ISSUES—PROPRIETY OF INFORMING JURY OF PARTY MAKING BEQUEST.

There was no error in informing the jury which party had requested that the cause be submitted on special issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 524, 525; Dec. Dig. ☞232.]

On Motion for Rehearing.

6. APPEAL AND ERROR ☞564 — RECORD — STATEMENT—EXCUSE FOR LATE FILING.

Where the statement of facts is filed late in the trial court, more than 90 days after perfection of the appeal by filing an appeal bond, upon proper showing, made in the motion for rehearing, that counsel had difficulty in getting the statement prepared, thus excusing the delay, the statement will be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. ☞564.]

7. APPEAL AND ERROR ☞564 — RECORD — CONSIDERATION OF STATEMENT—ESTOPPEL OF COURT.

As no power resides in the clerk of a Court of Civil Appeals or any justice thereof to refuse to permit the filing of a statement of facts which was not filed in the lower court, filing in the Court of Civil Appeals does not preclude such court from refusing to consider the statement or estop it from exercising the duty to reject such purported statement. The duty to determine the validity of a statement of facts devolves upon the court only when the matter is called to its attention in a motion to strike out the statement or in its own independent investigation of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. ☞564.]

8. APPEAL AND ERROR ☞564 — RECORD — STATEMENT OF FACTS — TIME FOR FILING — AGREEMENT OF COUNSEL—EFFECT.

Agreement by appellee's counsel that the statement of facts might be filed out of time could not relieve appellant of the duty and necessity of filing such statement in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. ☞564.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by M. C. Reek and others against the International & Great Northern Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Wilson, Dabney & King, of Houston, and Cobbs, Eskridge & Cobbs, of San Antonio, for appellant. Perry J. Lewis, Champe G. Carter, Randolph L. Carter, and H. C. Carter, all of San Antonio, for appellees.

FLY, C. J. This is a suit by M. C. Reek, surviving wife of Christian Reek, Sr., deceased, and Christian Reek, Jr., Kate Reek Feille, Edward Reek, and Mary Reek, surviving children of said Christian Reek, Sr., deceased, to recover damages for the negligent killing of said Christian Reek, Sr., by appellant. The cause was tried by jury and resulted in findings, in answer to special issues, that Mary C. Reek should recover $12,000, Edward Reek $5,000, Mary Reek $3,000, Kate Reek Feille $1,000, and Christian Réek, Jr., $100. Judgment was accordingly so rendered.

[1] The first and second assignments of error assail the action of the court in overruling exceptions to those paragraphs of the petition in which it was alleged that the plaintiffs did not know whether the deceased was engaged in intrastate or interstate commerce at the time of his death, and it is contended that an attempt was made to recover under federal and state statutes at the same time, and that appellees should have been compelled to elect under which statute they would proceed. The exceptions were properly overruled. There was no effort to recover under two statutes, but the pleadings were intended to meet proof as to one class of commerce or the other. If the evidence showed that deceased was engaged in interstate commerce, then the federal statute would apply; but, if it showed that he was engaged in intrastate commerce, then the state statute would apply. It would have been a remarkable fact if the evidence had shown that deceased was engaged in both classes of commerce at one and the same time. The assignments are overruled. Certainly appellant was in no wise injured by the action of the court in regard to the exceptions. There are propositions under the second assignment of error that have no possible connection with it and are not germane thereto; for instance, the seventh proposition, which seeks to show that the pleading was in violation of section 1 of the fourteenth amendment to the Constitution of the United States.

[2] The third assignment of error is overruled. The charge asked by appellant was clearly erroneous, in that it would have taken the question of negligence from the jury. The evidence raised a question of fact to be determined by a jury as to whether the contributory negligence of deceased. caused his death, and it would have been error for the court, under the circumstances of this case, to have charged the jury that his failure to do, or not do, certain things, was negligence. The cause was submitted on special issues, and, if the charge had embodied the law, it should not have been given because it called for a general verdict. Railway v. Jones, 175 S. W. 488, and authorities therein cited.

[3, 4] In connection with the third assignment, as well as the fourth, fifth, seventh, eighth, ninth, tenth, and eleventh assignments of error, they must depend for their vitality and effectiveness on the existence of certain facts which have not been made known to this court through the medium of a statement of facts prepared and filed in the lower court in the manner and within the time provided by law. The purported statement of facts filed in this court in this suit fails to show that it was ever filed in the lower court at any time, while the law requires that it be filed at some period within 90 days from the date that the appeal was perfected by filing an appeal bond. The appeal bond was filed on December 9, 1914; the transcript of the proceedings was filed in this court on March 6, 1915, within the 90 days. On April 14, 1915, over 100 days after the appeal had been perfected, a purported statement of facts, which had never been filed in the lower court, was filed in this court. There is a certificate by the stenographer appended to the statement of facts which indubitably shows that the record was not completed until April 3, 1915, and consequently if it had been filed by the district clerk at that time it could not be considered because not filed within the statutory time. The purported statement of facts will not be considered. Thomas v. Matthews, 51 Tex. Civ. App. 304, 112 S. W. 120; Belt v. Cetti, 53 Tex. Civ. App. 102, 118 S. W. 241; Railway v. Waggoner, 102 Tex. 260, 115 S. W. 1172. Courts of Civil Appeals will notice a failure to file the statement of facts in time although the question is not raised by the appellee. McKenzie v. Beason, 140 S. W. 246; Connally v. Saunders, 142 S. W. 975; Hines v. Sparks, 146 S. W. 289; Hayes v. Groesbeck, 146 S. W. 327.

[5] There is no merit in the twelfth assignment. If could not have injured appellant to inform the jury that it had requested the cause to be submitted on special issues.

The thirteenth assignment of error is overruled. The error complained of has no foundation in law or in fact.

The fourteenth assignment is overruled.

No error is presented requiring a reversal, and the judgment is affirmed.

### On Motion for Rehearing.

[6, 7] The affidavits appended to the motion for rehearing clearly show that counsel for appellant labored under great difficulties in getting a statement of facts prepared, and the showing made would fully exonerate counsel from any neglect in not filing the statement of facts within the 90 days if it had been filed at any time in the trial court. There was a failure to do but one necessary thing, and that was the filing in the lower court. Had that been done, upon the showing made in the motion for rehearing, the statement of facts would have been considered by this court. No power has been given the clerk of this court, or to any justice of the court, to refuse to permit the filing of a

statement of facts which was not properly prepared in the lower court, and the filing in this court does not preclude the court from a refusal to consider such statement, nor estop it from exercising the duty of rejecting a paper purporting to be a statement of facts, but which is not such statement because not filed in the lower court. If the statement of facts, so called, was properly filed in this court, that does not relieve appellant of the effects of a failure to file in the lower court. That filing is essential to the vitality and validity of a statement of facts, and the filing in this court could not give life to a document that had never been brought into legal existence. It is not the duty of this court, or any member thereof, nor of the clerk, to investigate a statement of facts and pass on its validity before it is filed; but that duty devolves on the court when the matter is called to its attention in a motion to strike out such statement, or in the investigation of the case.

[8] No excuse is given for a failure to file in the trial court, and the fact that counsel for appellee may have agreed that the statement of facts might be filed out of time did not relieve appellant of the duty and necessity of filing the statement in the trial court. The agreement may have put the statement of facts in the same position that it occupied before the time expired; that is, prepared it so that it could be filed in the lower court. The agreement could not dispense with the filing, and did not attempt so to do.

It is to be regretted that the agent to whom counsel confided the duty of filing the statement of facts did not file the same, and that he offers no excuse for such failure. It is not claimed, nor attempted to be shown, that the agent ever presented the statement of facts to the district clerk.

The motion for rehearing is overruled.

---

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes