BOWIE et al. v. LUMBERMEN'S RECIPROCAL ASS'N.    (No. 1418.)

(Court of Civil Appeals of Texas. Beaumont. July 2, 1926. Rehearing Denied Nov. 5, 1926.)

1. Appeal and error ⬉655(3)—Statement of facts not filed in trial court will be stricken (Rev. St. 1925, art. 2243).

Statement of facts on appeal will be stricken, where they were never filed in trial court, in view of Rev. St. 1925, art. 2243.

2. Appeal and error ⬉655(3)—That failure to file statement of facts in trial court was excusable cannot be shown by personal correspondence between counsel and clerk of court (Rev. St. 1925, art. 2243).

Such ex parte statements as personal correspondence between counsel and clerk of court cannot be considered in determining whether failure to file statement of facts in trial court, as required by Rev. St. 1925, art. 2243, was excusable.

3. Appeal and error ⬉544(3)—Only errors apparent on record can be considered, where statement of facts was not filed in trial court (Rev. St. 1925, art. 2243).

Only errors apparent on record can be considered on appeal, where statement of facts was not filed in trial court as required by Rev. St. 1925, art. 2243.

On Motion for Rehearing.

4. Appeal and error ⬉655(3)—Affidavits held to show that statement of facts on appeal was not filed in trial court.

Affidavits held to show that statement of facts on appeal was not filed in trial court, where original statement was filed in appellate court on day before clerk of trial court received her copy.

Appeal from Jasper County Court; A. S. McKee, Judge.

Suit by the Lumbermen's Reciprocal Association against Jim Bowie and another to set aside an award of the Industrial Accident Board, in which defendants filed a cross-action. Judgment for plaintiff, and defendants appeal. Affirmed.

Howell & Stephenson, of Beaumont, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

O'QUINN, J. This suit was brought by appellee, the Lumbermen's Reciprocal Association, in the county court of Jasper county, Tex., against Jim Bowie and his attorney, G. L. Howell, to set aside an award of the Industrial Accident Board, made August 8, 1924. By this award appellee would have been liable to pay Jim Bowie for an injury to his foot and leg, received in the course of his employment with the Alexander Lumber Company in Jasper county, Tex.

Appellants, Jim Bowie and G. L. Howell, answered by general demurrer, general denial, and cross-action, setting up (a) compliance with the statutory requirements for fixing liability on appellee;. (b) total disability for 44 weeks; (c) 90 per cent. permanent impairment and loss of the use of his foot; and (d) necessity for a lump sum payment.

The case was tried to a jury upon special issues, upon the answers to which judgment was rendered in favor of appellee setting aside the award of the Industrial Accident Board and decreeing that appellants take nothing by reason of their cross-action as against appellee.

[1, 2] Appellee objects to our considering the statement of facts filed herein, and moves that same be stricken, because said statement of facts was never filed in the trial

court below. This motion will have to be sustained. An examination of said record discloses that it was not filed in the court below. Article 2243, Revised Statutes 1925, requires that the statement of facts shall be filed with the clerk of the trial court. Appellants have filed in this court what is designated an explanation as to the statement of facts, not bearing the file mark of the trial court, which is as follows:

"Comes now appellants in the above styled and numbered cause, and in reply to appellee's motion to strike out statement of facts respectfully shows to the court:

"That said statement of facts was filed by the clerk of the county court of Jasper county, Tex., and if same does not bear the file mark of the clerk of such court, it is no fault of appellants, as they used sufficient diligence in having the same placed in the hands of said clerk of Jasper county, and was advised by such clerk that said statement of facts was filed in compliance with article 2243, as reflected by an original letter received from such clerk by Tom C. Stephenson, counsel for appellants, on January 22, 1926, such letter being attached hereto and made part hereof.

"Wherefore, appellants respectfully pray the court that said statement of facts should not be stricken from the record, but, instead thereof, the same should be considered by this honorable court as a part of the record in said cause."

To this was appended some personal correspondence between counsel for appellants and the clerk of the court below. We are not authorized to consider ex parte statements of this kind as going to excuse a failure to comply with statutory requirements in the manner shown. In the state of the record, the statement of facts cannot be considered. Thomas v. Matthews, 51 Tex. Civ. App. 304, 112 S. W. 120; I. & G. N. Ry. Co. v. Reek (Tex. Civ. App.) 179 S. W. 699 (writ refused).

[3] There being no statement of facts nor findings of fact by the court, only such errors as are apparent of record can be considered. Beckham v. Williford (Tex. Civ. App.) 252 S. W. 229; Albers v. Roberts (Tex. Civ. App.) 155 S. W. 1001. We have carefully considered the record, and, no fundamental error appearing, the judgment must be affirmed, and it is so ordered.

Affirmed.

On Motion for Rehearing.

[4] Appellants have filed a motion for rehearing, urging that the court erred in striking out the statement of facts filed in this court, because same had not been filed in the trial court. It is contended by appellants in their motion that we erred in holding that the statement of facts had not been filed in the trial court, and they have filed an affidavit of the clerk of the trial court stating that said statement of facts was filed in said court, and that a copy of said statement of facts was then on file in the office of said clerk. In answer to this motion, appellee has filed several affidavits going to show that the statement of facts was never filed in the trial court.

(1) The affidavit of Judge J. S. McKee, county judge of Jasper county, Texas, who tried the case, to the effect that he did not approve the statement of facts in person, but that one of the counsel for appellants telephoned him from Beaumont that the time for filing the statement of facts in the Court of Civil Appeals was very short, and requested him, Judge McKee, that he authorize A. M. Huffman, an attorney of Beaumont, to sign his (McKee's) name to the statement of facts, approving same, which he did, and that, in fact, said statement of facts was not presented to him for approval, but that his name was signed to same by Huffman at the request of appellants' attorney.

(2) The affidavit of A. M. Huffman, an attorney of Beaumont, Texas, stating that one of counsel for appellants came to him with the statement of facts in the instant case, and requested that he sign Judge McKee's name to said statement of facts in approval of same, which, after a conversation over the phone with Judge McKee, he did. Huffman, in his affidavit, then says:

"Mr. Stephenson then said that was the last day that he had to file the statement of facts in the Court of Civil Appeals, and he went from my office, according to his statement, directly to the clerk's office of the Court of Civil Appeals to file same. I called his attention to the fact that the statement of facts had not been filed in the trial court, and he said that he didn't think that was necessary, and that he did not have time to do so, as he could not send the statement of facts to Jasper and get it back to Beaumont that day."

(3) An affidavit by the county clerk of Jasper county, Texas, the clerk of the court that tried the case, stating that on January 22, 1926, she received from counsel for appellants a statement of facts in the instant case, and that she received only one copy of said statement of facts, only filed one copy, and that copy is still on file in her office. She states also in her affidavit that she has inspected the original statement of facts in the case, marked filed in the Court of Civil Appeals on January 21, 1926, and that it was never filed by her. This affidavit was given in explanation of another that she had given counsel for appellants, which was filed in this court in answer to appellee's motion to strike out the statement of facts on original hearing.

The original statement of facts stricken here was filed in this court on January 21, 1926. The affidavit of the clerk of the trial court shows that the copy of the statement of facts, and which she says was the only one that she ever received or filed, was filed

in her office on January 22, 1926, one day after the original was filed in this court. The original statement of facts shows for itself that it was never filed in the trial court. Appellants cite us to several authorities as sustaining their contention, but when inspected these were not cases where the statement of facts was not filed in the trial court, but were all cases where the statement of facts were filed late in the appellate courts.

The motion is overruled.